346 A.2d 754
**CITY OF PHILADELPHIA**
v.
**Raymond F. PERCIVAL et al., Appellants.**

Supreme Court of Pennsylvania.

Argued Nov. 21, 1974.

Reargued June 26, 1975.

Decided Oct. 30, 1975.

Stephen A. Sheller, Kenneth E. Aaron, Astor & Weiss, Philadelphia, for appellants.

Albert J. Persichetti, Deputy City Sol., Philadelphia, for appellee.

Kathleen Herzog Larkin, Dep. Atty. Gen., Harrisburg, for Commonwealth.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

O'BRIEN, Justice.

This appeal arises from an order of the Commonwealth Court, which affirmed orders of the Court of Common Pleas of Philadelphia, declaring that writs of

capias ad respondendum should issue for appellants and bail be set for nonpayment of the Philadelphia wage tax. We granted allocatur. The facts surrounding this appeal are as follows.

On September 7, 1972, appellee, City of Philadelphia, filed with the Prothonotary of the Court of Common Pleas of Philadelphia, a praecipe for a writ of capias ad respondendum and a petition for a rule to show cause why a writ of capias ad respondendum should not issue and bail be fixed against appellants, Raymond F. Percival, Abner B. Deckert, Timothy J. Eastburn, Michael J. Nole, William A. MacDonald, Guy W. Harvey, Jr., William E. Gould, Nicholas Buampastore, William H. Hazzard, B. R. Covert, Joseph F. Kenny and E. A. Thomas, for nonpayment of the Philadelphia wage tax. The rule to show cause was filed pursuant to Philadelphia Local Rule of Court 917, subsections (c) and (d), which reads:

"(c) Arrest by capias ad respondendum must be specially allowed and bail must be specially fixed by the Civil Motion Court Judge or the weekend Emergency Court Judge, after a hearing on a Petition for Rule to Show Cause, which Petition shall be filed with the praecipe for the writ in the Prothonotary's Office. Service of the petition on the defendant must be accomplished either by personal service or by certified mail, in accordance with Pa.R.C.P. 233[(a)](2).

"(d) Upon the arrest of a defendant by a capias ad respondendum, if the defendant fails or refuses to post bond, he shall be brought forthwith to the Civil Motion Court Judge or the weekend Emergency Court Judge for a determination as to whether or not he shall be released without the posting of said bail."

The petitions alleged that appellants were non-Philadelphia residents who were employed within Philadelphia and, therefore, liable for the Philadelphia wage tax on the money earned within the city and that appellants were delinquent in the payment of the wage tax. On

September 11, 1972, rules to show cause were issued and made returnable on September 26, 1972. On September 26, 1972, appellants, by way of answer, challenged the authority of the Court of Common Pleas of Philadelphia to promulgate Local Rule 917(c) and (d) and also alleged that the Act of June 13, 1836, P.L. 568, § 3, as amended, 12 P.S. § 171 et seq., is in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article I, § 13, of the Pennsylvania Constitution. On December 28, 1972, the court below entered a final order stating that the writs of capias ad respondendum be issued against appellants and bail be set, and dismissing the defenses raised in appellants' answers. Appellants appealed to the Commonwealth Court, which affirmed the above orders. We granted appellants' petition for allowance of appeal.

██ In this appeal appellants argue that Philadelphia Local Rule of Court 917, subsections (c) and (d), is invalid because it exceeds the local court's rule-making power. We agree with appellants' contention. The rule-making power of the courts of common pleas of this Commonwealth is found in the Act of June 21, 1937, P. L.1982, No. 392, § 2 as amended, 17 P.S. § 62, which reads:

"Each of the courts of common pleas, each of the courts of quarter sessions, the county court of Allegheny County, the municipal court of Philadelphia, and other courts established by the General Assembly, may adopt additional local rules for the conduct of its business, *which shall not be inconsistent with or in conflict with said general rules prescribed by the Supreme Court of Pennsylvania.*" (Emphasis supplied.)

This power is limited to rules of procedure not "inconsistent with or in conflict with said general rules prescribed by the Supreme Court of Pennsylvania." The above-quoted section does not grant authority to the courts of common pleas in any way to alter a procedure

which the *Legislature,* rather than this court, has established. See *Com. ex rel. Swann v. Shovlin,* 423 Pa. 26, 223 A.2d 1 (1966). The proper procedure for the issuance of writs of capias ad respondendum is detailed in the Act of June 13, 1836, P.L. 568, § 3, as amended, 12 P.S. § 171 et seq. The procedure outlined in that statute requires that the prothonotary, upon application of the plaintiff, shall issue a writ of capias ad respondendum and the officer charged with execution of such writs shall arrest or detain the defendant subject to the necessity that bail be available. See § 9 of the Capias Statute, 12 P.S. § 181. The local Philadelphia rule amends this stated procedure, and is, therefore, null and void.

■ Appellee contends that this court's promulgation of Pa.R.C.P. 1481 suspends the above statutory procedure and therefore allows for local court rule-making. We do not agree. Pa.R.C.P. 1481(a) reads:

"(a) Except in an action for fines and penalties, or upon a writ of ne exeat, or as punishment for contempt, a defendant may not be arrested before judgment in an action or proceeding at law or in equity."

The above procedural rule did not alter the statutory directives as to the application and issuance of writs of capias, but limited the use of such writs to the three enumerated civil actions.

■ Appellee also contends that § 15 of the Act of June 13, 1836, P.L. 568, 12 P.S. § 186, is an additional basis which establishes the local court's right to promulgate rules concerning the issuance of writs of capias. We do not agree. Section 15 of the act reads:

"It shall be lawful for any court to make such rules respecting the time and manner of giving notice of bail, excepting to bail, and justifying bail as aforesaid, taken upon process out of such court, as the convenient administration of justice in such court may require."

314

The power of local courts is strictly limited to the procedures surrounding bail and not the procedures surrounding the issuance of the writ of capias itself. In the instant case, the local rule initiates a procedure concerning the issuance of the writ itself and not simply a regulation of bail procedure in writs of capias; therefore, Local Rule 917 cannot be promulgated under the above statute.

Since we have decided that Philadelphia Local Rule of Court 917 and its procedures concerning the issuance of writs of capias are invalid, we need not decide the constitutional objections to the Statute raised by appellants.

Orders of the Commonwealth Court and the Court of Common Pleas of Philadelphia are vacated.

ROBERTS, POMEROY, NIX and MANDERINO, JJ., concur in the result.