407 A.2d 1338

Pierre GONZALES, a Minor, Ward of the City of Philadelphia

v.

PROCACCIO BROTHERS TRUCKING COMPANY, Appellant

and

Cliff Moore and Parnell Associates, Additional Defendants.

Superior Court of Pennsylvania.

July 27, 1979.

Petition for Allowance of Appeal Denied Oct. 29, 1979.

246

Joel Paul Fishbein, Philadelphia, for appellant.

James M. Penny, Jr., Deputy City Solicitor, Philadelphia, for appellee Gonzales.

Reuben Singer, Philadelphia, for appellee Moore, and Dudley Hughes, Philadelphia, for appellee Parnell Associates, did not file briefs on behalf of said appellees.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

In this appeal we are asked to decide the validity of a local rule of court which authorizes the Prothonotary to enter a judgment of non pros when a plaintiff has failed to answer interrogatories served upon him by a party pursuant to Pa.R.C.P. No. 4005.

The minor plaintiff, Pierre Gonzales, by his guardian, the City of Philadelphia, filed a complaint in trespass to recover damages for injuries sustained when his arm was caught in a conveyor belt on premises of defendant-appellant, Procaccio Brothers Trucking Company.[1] Written interrogatories were filed by Procaccio Brothers and served on the City on January 28, 1976. Supplemental interrogatories were filed and served on March 5, 1976. When answers were not forthcoming, appellant, on May 6, 1976, served notice on appellee that an interlocutory order would be requested from the Prothonotary in accordance with Philadelphia Civil Rule 145. On May 18, 1976, the Prothonotary entered an interlocutory order which directed appellee to answer appellant's interrogatories within thirty days or suffer a judgment of non pros. By July 15, 1976, appellee's answers had still not been filed, and the Prothonotary, upon praecipe by appellant, entered judgment of non pros against appellee. On August 10, 1977, appellee moved to strike the judgment of non pros. This motion was argued and, on November 25, 1977, the Honorable Abraham Gafni entered an order striking the judgment of non pros. The order was based upon a finding that the procedure prescribed by Philadelphia Civil Rule 145 was in conflict with Pa.R.C.P. No. 4019 and, therefore, invalid.[2]

1. Procaccio Brothers caused Cliff Moore, the minor plaintiff's foster father, and Parnell Associates, the manufacturer of the conveyor belt, to be joined as additional defendants. These additional defendants have neither filed briefs nor presented argument in the instant appeal.

2. While this appeal has been pending, another Philadelphia Common Pleas decision reached the same conclusion. The able opinion of

■ Although the several courts of common pleas may properly adopt local rules, such rules are invalid to the extent that they conflict with or are inconsistent with the Pennsylvania Rules of Civil Procedure. *City of Philadelphia v. Percival*, 464 Pa. 308, 346 A.2d 754 (1975); *Gilmer v. Philadelphia Transportation Company*, 237 Pa.Super. 57, 60, 346 A.2d 346, 348 (1975); Act of June 21, 1937, P.L. 1982, No. 392, § 2, as amended, 17 P.S. § 62.[3]

■ In 1977, when appellant's judgment was stricken, Pa.R.C.P. No. 4019(a)(1) provided that the "court may, on motion, make an appropriate order if a party wilfully fails to file answers . . . to written interrogatories served under Rule 4005."[4] Subsection (c) identified the types of

Honorable Harry A. Takiff appears in *Bowles v. Cohen, et al.*, No. 890 February Term, 1976 (C. P. Phila. County, January 12, 1979), reported in full at 180 Legal Intelligencer 54 March 21, 1979, at 1, col. 1.

3. The Act of 1937 has been repealed by the Judiciary Act Repealer Act of 1978 (JARA). In its stead, a broader grant of the local rulemaking power was included in the Judicial Code at 42 Pa.C.S.A. § 323 as follows:

> Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require. Act of July 9, 1976, P.L. 586, No. 142, § 2, eff. June 27, 1978.

We do not interpret this provision as eliminating the requirement of consistency required by 17 P.S. § 62. Rather, we believe the phrase "except as otherwise prescribed by general rules" must be interpreted to incorporate the salutary principle that local court rules be consistent with the Pennsylvania Rules of Civil Procedure.

4. The 1978 amendments to the Pennsylvania Rules of Civil Procedure, which became effective April 16, 1979, eliminated the word "wilful" from Rule 4019(a). For the full text of the amendments, see Volume 8, Pennsylvania Bulletin, pp. 3551–3560. In its explanatory note, the Civil Procedural Rules Committee stated that "the court may impose sanctions even if the failure is not wilful. Wilfulness of course may be a factor in determining the extent of the sanction but it will not be an essential condition precedent to the power to impose a sanction." 179 Legal Intelligencer 114, December 15, 1978, at 19, col. 1. This amendment did not alter the scheme of the rule which vested discretion in the court.

orders [5] which a court may enter when acting under subsection (a).

Philadelphia Civil Rule No. 145 [6] purports to establish a procedure by which the Prothonotary *shall*, on praecipe and

**5.** Pa.R.C.P. No. 4019(c) provided:

(c) The court, when acting under Subdivision (a) of this rule, may make

(1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros, or by default against the disobedient party or party advising the disobedience;

(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010.

**6.** Philadelphia Civil Rule 145 provides:

If the adverse party fails to file of record answers to interrogatories within the time period required by Pa.R.C.P. 4005 or timely objections under Pa.R.C.P. 4005(b) and, in addition, does not so file within any extended period granted to him under Pa.R.C.P. 248, the Prothonotary shall, on praecipe and certification of service and upon ten (10) days' notice by the party filing the interrogatories, enter an interlocutory order requiring the adverse party to file answers within thirty (30) days of the date of the order, and providing for sanctions as hereinafter set forth.

This order shall become final at the expiration of the interlocutory period, upon filing of a supplemental praecipe and certification of service, unless prior to the expiration of the interlocutory period, the party required to answer the interrogatories files a motion for an extension of this time limit. Such motion shall be disposed of by an appropriate order of the Civil Motion Court.

The interlocutory order of the Prothonotary setting forth sanctions as provided herein shall be as follows:

(A) As to defendant, defendants, or additional defendants, an order entering judgment as to liability in favor of the party filing the interrogatories against the nonanswering party who shall be precluded from the entering of a defense and the introduction of evidence at the time of trial relating to the subject matter of the unanswered interrogatories;

(B) As to a plaintiff or plaintiffs, an order entering a Judgment of Non Pros in favor of the party filing the interrogatories.

certification of notice, "enter an interlocutory order requiring the adverse party to file answers within thirty (30) days . . . " If answers are not filed within such period of thirty days and the moving party follows the prescribed procedure, the interlocutory order will become final and, on praecipe, a final sanction order will be entered. The mandatory sanction, if the defaulting party is a plaintiff, is an order entering a judgment of non pros. The procedure established by the Philadelphia rule does not require intervention by the court and does not permit the Prothonotary to exercise discretion in fashioning the sanction order.

 Pa.R.C.P. No. 4019 is clear. It establishes an unequivocal and mandatory procedure. Where answers to interrogatories have not been filed, a motion must be presented to the court to determine the default. *Hanchey v. Elliott Truck Brokerage Company*, 421 Pa. 131, 135, 218 A.2d 743, 745 (1966). Upon finding that a default has occurred, "the court may . . . make an appropriate order." Subdivision (c) of Pa.R.C.P. No. 4019 amplifies the scheme of the rule by designating specific sanction orders which may be appropriate under particular circumstances. The imposition of specific sanctions, however, is largely within the discretion of the court. *Pompa v. Hojnacki*, 445 Pa. 42, 45, 281 A.2d 886, 888 (1975). See also: 10 Goodrich-Amram 2d § 4019(a):2.1, 3.1; 5A Anderson Pennsylvania Civil Practice § 4019.2. As a general rule, sanctions will not be imposed in the absence of some wilful disregard or disobedience of a court order or an obligation expressly stated in the Rules. In any event, it is the court which has been given responsibility for overseeing discovery conducted by the parties and which may enter appropriate sanctions to insure the adequate and prompt discovery of matters allowed by the Rules of Civil Procedure.

This responsibility cannot be delegated to a ministerial officer such as a Prothonotary. Although he acts as clerk for the court of common pleas, the Prothonotary possesses no judicial powers. *Irwill Knitwear Corp. v. Wexler*, 229

Whenever a praecipe is required herein, it shall be filed by the party filing the interrogatories.

Pa.Super. 48, 323 A.2d 23 (1974); *Smith v. Safeguard Mutual Insurance Company*, 212 Pa.Super. 83, 86, 239 A.2d 824, 826 (1968); *Warner v. Cortese*, 5 Cmwlth. 51, 288 A.2d 550 (1972).

■ A standard order, predetermined by the court and imposed uniformly in all cases by the Prothonotary, will not suffice. Pa.R.C.P. No. 4019 envisions a procedure by which the court, when confronted with a failure or refusal to answer interrogatories, will exercise judicial discretion in formulating an appropriate sanction order. This requires the court to select a punishment which "fits the crime." If a written interrogatory asks for information which, although relevant, is not determinative of the entire controversy, a default judgment, which in effect is an adjudication of the merits, would seldom, if ever, be appropriate. Under such circumstances, it would be more appropriate to treat the default as an admission or to disallow proof at trial of such undisclosed information. The need to "fit the punishment to the crime" compels the exercise of judicial discretion. The court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties.

■ Philadelphia Civil Rule 145 does not permit the exercise of such discretion. Without allowing an opportunity to ascertain the nature of the default or the culpability of the defaulting party, the rule rigidly compels the harshest allowable sanction. It requires that a defaulting plaintiff be barred from pursuing his or her claim. This is a final determination. A local rule which compels such a mandatory, unbending determination is irreconcilably in conflict with both the letter and the scheme of Pa.R.C.P. No. 4019 and cannot be sustained.

Appellant argues that because this court has failed, in other cases, to invalidate Philadelphia Civil Rule 145, it has impliedly held it to be consistent with Pa.R.C.P. No. 4019. See, e. g., *Strickler v. United Elevator Co., Inc.*, 257 Pa.Super. 542, 391 A.2d 614 (1978); *Wayne v. Pennsylvania National Mutual Insurance Co.*, 254 Pa.Super. 192, 385 A.2d 591 (1978); *Hatgimisios v. Dave's N. E. Mint, Inc.*, 251 Pa.Super.

275, 380 A.2d 485 (1977); *Mazurek v. SEPTA*, 1 Pa.D. & C.3d 355 (1976), *aff'd per curiam*, 371 A.2d 518 (1976). We reject this argument. In none of these cases was the validity of the Philadelphia rule challenged or its consistency with Pa.R.C.P. No. 4019 questioned. The present issue has not previously been before this Court. See also: *Doner v. Jowitt and Rodgers Co.*, 484 Pa. 496, 399 A.2d 402 (1979), where appellant's challenge to the validity of Philadelphia Civil Rule 145 had not been preserved for review.

Our decision is supported, moreover, by an opinion of this Court filed in *Newsome v. Braswell*, 267 Pa.Super. 83, 406 A.2d 347 (1979). It was there held that the Prothonotary of Philadelphia County lacked the power and could not be given power by court order to enter a default judgment against a party who failed to produce documents for inspection pursuant to Pa.R.C.P. No. 4009. A default judgment entered by the Prothonotary, therefore, was stricken.

In the instant case, we hold that Philadelphia Civil Rule 145 is in conflict with Pa.R.C.P. No. 4019 and invalid. Therefore, the Prothonotary lacked the power to enter a judgment of non pros against appellee, and a judgment so entered was null and void. The trial court properly ordered the same stricken.

Order affirmed.