425 A.2d 781

**Robert DeGREGORIO and Joann DeGregorio, his wife**

**v.**

**ICE SKATING RINK CLASS OF 1923 and University of Pennsylvania, Appellants.**

Superior Court of Pennsylvania.

Argued June 13, 1980.

Filed Feb. 6, 1981.

Petition for Allowance of Appeal Denied May 26, 1981.

Joseph H. Foster, Philadelphia, for appellants.

Jeffrey M. Stopford, Philadelphia, for appellees.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, WICKERSHAM and BROSKY, JJ.

WICKERSHAM, Judge:

On January 29, 1976, Robert DeGregorio and Joann De-Gregorio, appellees herein, filed a complaint in trespass alleging that the husband-appellee had sustained injuries from a fall while ice skating on premises owned and operated by appellants, Ice Skating Rink Class of 1923 and the University of Pennsylvania. Interrogatories filed by appellees and served upon appellants were not answered, and appellees caused a default judgment to be entered against appellants pursuant to Philadelphia Civil Rule 4005*(d). Appellants subsequently filed a motion to strike the judgment on the grounds that notice required by the local rule had not been given. The trial court denied this motion to strike, and this appeal followed.

The appeal was heard by a panel following which we granted reargument before our court en banc.

In a case filed this date we have considered the impact of *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979) upon Philadelphia Civil Rule 145 [formerly Philadelphia Civil Rule 4005*(d)] and for the reasons

stated therein we reverse the order of the lower court and strike the judgment entered on behalf of appellees.[1]

PRICE, J., files a concurring statement in which CER-CONE, President Judge, joins.

CAVANAUGH, J., files a dissenting opinion.

SPAETH, J., did not participate in the consideration or decision of this case.

PRICE, Judge, concurring:

I concur in the order reversing the lower court for the reasons stated in Judge Spaeth's concurring opinion in *Tice v. Nationwide Life Insurance Co.*, 284 Pa.Super. 220, 425 A.2d 782 (1981).

In this case, as in *Tice*, a motion to strike a default judgment entered under Philadelphia Civil Rule 145 had been denied by the lower court and was on appeal in this court at the time of our decision in *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979). As in *Tice*, appellants here had not argued the invalidity of Rule 145 in the lower court. However, as Judge Spaeth explained in his opinion in *Tice*, I believe that we should give appellants the benefit of *Gonzales*, and that the policy reasons for holding that an argument not made in the lower court is waived do not apply here.

CAVANAUGH, Judge, dissenting:

Although the circumstances of appellants in the instant case differ somewhat from the appellant in *Tice v. Nationwide Insurance Co.*, 284 Pa.Super. 220, 425 A.2d 782 (1981), which is being filed today, I conclude that the same reasoning applies.

The only issue appellants raise here is one which was never presented to the lower court. Hence, I would hold, as more fully explained in my dissent in *Tice, supra*, that the issue has not been preserved for our review.

1. See our opinion in *Tice v. Nationwide Life Insurance Co.*, 284 Pa.Super. 220, 425 A.2d 782 (1981).

Again as in *Tice, supra,* I point out that nothing the court says today precludes the lower court on remand from properly imposing sanctions pursuant to Pa.R.C.P. 4019.

I dissent; I would affirm the order below.