456 A.2d 632

**Patrick DUNN**

v.

**MAISLIN TRANSPORT LIMITED, A Corporation Organized and Existing Under the Laws of The Dominion of Canada, and Guy Castiglia, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1981.

Filed Feb. 11, 1983.

Petition for Allowance of Appeal Denied May 12, 1983.

322

Mark A. Ciavarella, Jr., Wilkes-Barre, for appellants.
John J. Byrne, Scranton, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

This case presents the issue of whether an order preclud-ing defendants from entering any defense at trial as to plaintiff's claim, where unverified answers to interrogato-ries have already been delivered to plaintiff, constitutes an abuse of discretion as an inappropriate sanction under Pa.R. C.P. 4019. Because our review of the facts leads to the conclusion that the sanction here imposed was unwarranted, we reverse and remand.

This action, involving damage claims for both personal injury and property loss, arose out of a collision between plaintiff's 1976 Lincoln automobile and a tractor-trailer owned by the corporate defendant and operated by the individual defendant. The accident occurred on Interstate Route 84 in Lackawanna County at approximately 4:45 a.m. on October 3, 1977. An original complaint was filed on September 5, 1978, and amended complaints were filed on December 6, 1978 and July 3, 1979.

On January 30, 1979, interrogatories propounded by the plaintiff to each of the defendants were filed. On July 21,

1980, a year following the filing of plaintiff's second amended complaint, he secured a rule on the defendants to show cause why sanctions should not be imposed for defendants' failure to either object or make answer to the interrogatories. In his motion for sanctions, pursuant to Rule 4019(a), plaintiff suggested five alternative sanctions for the consideration of the court:

The sanction order suggested is:

1. To refuse to allow the Defendant, MAISLIN TRANSPORT LIMITED and GUY CASTIGLIA, to support or oppose designated claims or defenses at trial or hearing in this matter.

2. To construe, for the purpose of the trial or hearing, the facts covered by the Interrogatories to be established in the form most favorable to the Plaintiff.

3. To refuse the Defendants to enter any defense at trial as to the Plaintiff's claim.

4. Direct the Defendants to answer the Interrogatories within 7 days from the date of the entry of a sanction order.

5. Enter a Default Judgment in favor of the Plaintiff and against the Defendants.

Following a hearing on plaintiff's motion, the trial court entered its order on May 13, 1981, which decreed:

The defendants are precluded from entering any defense at trial as to the plaintiff's claim.

It is from this order that the defendants appeal.

The trial court based its order on Rule 4019(a)(1)(i) which provides that:

**Rule 4019.   Sanctions**

(a)(1) The court may, on motion, make an appropriate order if

(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005. ...

We recognize that the imposition of specific sanctions is largely within the discretion of the court. *Pompa v. Hojnacki*, 445 Pa. 42, 45, 281 A.2d 886, 888 (1971). And as a

general rule, sanctions will not be imposed in the absence of some wilful disregard or disobedience of a court order or an obligation expressly stated in the Rules. *Id.* Once it has been determined that the Rules have been disregarded, however, Rule 4019 envisions a procedure by which the court will exercise judicial discretion in formulating an *appropriate* sanction order. This requires the court to select a punishment which "fits the crime." *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 252, 407 A.2d 1338, 1341 (1979).

In *Gonzales*, this court had to consider the validity of a local court rule which mandated the entry of judgment of non pros by the local prothonotary against a plaintiff, where written interrogatories were not answered and certain procedural steps were followed by the defendant, including notice and praecipe. In holding that the local rule, which did not require the intervention of the court and did not permit the prothonotary to exercise any discretion in fashioning the sanction order, was invalid, we said:

> Pa.R.C.P. No. 4019 envisions a procedure by which the court, when confronted with a failure or refusal to answer interrogatories, will exercise judicial discretion in formulating an appropriate sanction order. This requires the court to select a punishment which "fits the crime." If a written interrogatory asks for information which, although relevant, is not determinative of the entire controversy, a default judgment, which in effect is an adjudication of the merits, would seldom, if ever, be appropriate. Under such circumstances, it would be more appropriate to treat the default as an admission or to disallow proof at trial of such undisclosed information. The need to "fit the punishment to the crime" compels the exercise of judicial discretion. The court is required to strike a balance between the procedural needs to move the case to a prompt disposition and the substantive rights of the parties.

*Id.*, 268 Pa.Superior at 252, 407 A.2d at 1341.

■ An examination of the pleadings suggests that the defendants here have been subjected to "harsh and exces-

sive punishment." The sixty-eight interrogatories directed to the individual defendant contained eighty-five sub-parts, cf. *Jerry Pitell Co. v. Penn State Constr.*, 277 Pa.Super. 575, 577 n. 4, 419 A.2d 1299, 1300 n. 4 (1980) and might be most charitably described as "canned." They sought information concerning the defendant driver's marital status, the name and address of both the defendant driver's present spouse as well as "every former spouse," the color of defendant's eyes and hair, in addition to detailed information concerning the defendant's military service, including the type of discharge received. At least three of the interrogatories seek to elicit information concerning the "car" or "automobile" in which the defendant was riding, even though it is clear from the complaint that the individual defendant was operating a tractor-trailer at the time of the occurrence.

Although the accident occurred along an interstate highway, the plaintiff sought to compel the defendant to answer as to whether there were any people, such as a gas station attendant, a mailman, or people waiting for a bus in the immediate area of the accident! At least several of the interrogatories make no sense whatsoever when propounded by a plaintiff to a defendant, but might properly be included in interrogatories directed to a party plaintiff.[1]

1. For example, interrogatory 66 was propounded as follows:
    "66.  Do you have any information tending to indicate:
    (a) that any Plaintiff was, within the five (5) years immediately prior to said occurrence, confined in a hospital, treated by a physician or X-rayed for any reason other than personal injury?  If so, state each Plaintiff so involved and give the name and address of each such hospital, physician, technician, or clinic, the approximate date of the confinement or service and state, in general, the reason for such confinement or service.
    (b) that any Plaintiff had suffered serious personal injury prior to the date of said accident?  If so, state each Plaintiff so involved and state when, where and in general, how he or she was injured and describe in general the injuries suffered.
    (c) that any Plaintiff has suffered either (1) any personal injury or (2) serious illness, since the date of such occurrence?  If so, state each plaintiff so involved and, for (1) state when, where and in general how he or she was injured and describe in general the injuries suffered;  and for (2) state he or she was ill and describe in general the illness.

We note that the sole interrogatory directed to the corporate defendant sought merely to establish the agency/employe relationship of the individual defendant to the corporate defendant and, if such a relationship was admitted, to determine the existence of insurance held by the corporate defendant covering the activities of the individual defendant in his capacity as agent/employe.

A party upon whom interrogatories have been served is required to answer them within thirty days, unless objected to. Rule 4006(a)(2). We note that counsel for the defendants, in the response to the motion for sanctions, alleged that the unknown whereabouts of the individual defendant had prevented counsel from obtaining answers. We further note that the plaintiff was able to secure sufficient information from defense counsel to warrant amendments to the complaint. This, of course, in no way excuses the defendants' failure to either file written, verified answers or objections. *See* Rule 4019(a)(2).

In this case, plaintiff's Memorandum in Support of ... Sanctions filed in the trial court on June 2, 1981 admits receipt of unverified answers to interrogatories from the individual defendant in January 1981 and from the corporate defendant in March 1981. The fact of this receipt is acknowledged by the trial judge in his opinion filed May 13, 1981 awarding sanctions. The Supplemental Answers to Interrogatories of the individual defendant were filed of record on April 10, 1981.[2] It is clear that none of these answers, all of which were unverified, met the requirements of Rule 4006(a)(1).

(d) that any plaintiff has ever filed any other suit for his or her own personal injuries? If so, state each plaintiff so involved and give the court in which filed, the year filed and the title and docket number of said case."
We cannot see how an answer by the individual *defendant* to this interrogatory would assist the *plaintiff* in any meaningful discovery or preparation for trial of this case. *See* Pa.R.C.P. No. 4001.

2. Neither of the original defendants' Answers to Interrogatories are contained in the certified record before this court.

However, Rule 4019(a)(1) provides for an "appropriate" order on motion where a party fails to serve answers. The obvious sanction would be to construe the failure to answer as an admission that a complete answer would be unfavorable to the answerer, and favorable to the inquirer. Thus, for the purpose of trial, the facts covered by the questions would be considered as established in the form most favorable to the inquirer. Goodrich-Amram 2d § 4019(a):2, pp. 518–19. This is expressly covered by Rule 4019(c)(1). Similarly, if such a sanction is imposed, the defaulting party may be barred from asserting any claim or defense which is directly related to the failure to answer the specific interrogatories posed.

All that the plaintiff seeks, through Rule 4005 interrogatories, is pretrial information. If he gets the maximum that he could hope for, namely an admission in the most favorable possible form, the ultimate purpose of Rule 4005 has been accomplished. To deny the defendants the opportunity to enter *any* defense at trial, as was done here by the trial court, does not accomplish anything constructive and constitutes unnecessary and excessive penalty. *Cf.* Goodrich-Amram, *id.*, at pp. 520–23.

In the instant appeal, it is useful to keep in mind that we are not dealing with the failure by the defendant to comply with any order of court respecting discovery. Plaintiff argues that without real sanctions, enforcement of the discovery rule would not be possible. While we cannot disagree with such an assertion, it is not helpful in resolving the issue now before this court on review.

Indeed, had the trial court imposed the purport of plaintiff's suggested sanction # 1 or # 2, *see* pp. 633–34 supra, the discovery rule would have been appropriately enforced. While the defendants might be found guilty of inexcusable delay, it is also true that the plaintiff took no action on his right to secure sanctions until July 21, 1980, nearly seventeen months after the expiration of the thirty day period after which a request for sanctions would have been properly entertained.

We view the submission of suggested alternative sanctions by the plaintiff as a recognition that an "appropriate" order might not require the extreme penalty imposed in this case. Although the trial court declares that the defendants' "inordinate delay ... operated to the plaintiff's prejudice", our examination of the record does not reveal precisely what that prejudice might be. Clearly, a more restricted penalty could protect the plaintiff as he pursues his claim in this negligence action.

The plaintiff contends that the trial court found the written interrogatories to have been "significantly determinative of the controversy," thus justifying the extreme sanction imposed. First, the trial judge did *not* make such a finding. Second, upon a review of the interrogatories, they do not permit of such a finding. This is not a case where the plaintiff must secure information solely in the possession of the defendants in order to proceed to trial. On the contrary, a reading of the complaint indicates that, *as pled*, this is an ordinary automobile accident case in which recovery will depend largely on the presentation of evidence under the control of, or ascertainable by, the plaintiff.

While Rule 4005 interrogatories are often a necessary part of the proper preparation for trial of a negligence case, the failure to secure answers thereto merely impedes, while not preventing, the plaintiff from prevailing. We are not here faced with the situation where a defendant might be prevented from preparing a proper defense by virtue of the failure of a moving plaintiff to reveal relevant aspects of the case through pretrial discovery. In this case, one might fairly presume that the party seeking sanctions, that is, the plaintiff, is prepared to proceed to trial soon after the complaint is filed. The sanctions which are appropriate may well differ in degree, if not in kind, from those to be imposed were the roles reversed.

■ The purpose of Rule 4019 is to ensure compliance with proper orders of the court and adequate and prompt discovery of matters allowed by the Rules of Civil Proce-

dure. *Gonzales, supra,* 268 Pa.Super. at 251, 407 A.2d at 1341. The sanction of precluding the entry of *any* defense at trial, when viewed in the light of the content of the interrogatories here at issue, and coupled with the fact that defendants had indeed served answers, albeit unverified, constitutes an abuse of discretion. The Order entered May 13, 1981 is reversed, and the case remanded to the trial court for further proceedings consistent with this opinion. Jurisdiction is not retained.

WATKINS, J., files a dissenting opinion.

WATKINS, Judge, dissenting:

I respectfully dissent and would affirm the order of the court below.

In this case counsel apparently did nothing in regard to the rule for filing interrogatories for over two years. The rule was patently violated. The pertinent part of Rule 4006 of Pa.R.Civ.Pro. reads as follows:

**Rule 4006. Answers to Written Interrogatories by a Party.**

(2) ... The answering party shall file and serve a copy of the answers, and objections if any, within thirty (30) days after the service of the interrogatories...

Sanctions to be taken by the court are provided in Rule 4019 of Pa.R.Civil Pro. and provide the following:

**Rule 4019. Sanctions.**

(a)(1) The court may, on motion, make an appropriate order if

(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005; ...

If the rules are not to be obeyed as written, then they should be either modified or stricken.

It is also apparent that the case in question was inordinately delayed at a time when our courts are under constant criticism for the time occasioned until finality of disposition. In this case the failure to file answers to interrogatories was delayed for over two years and it is conceivable that

several more years may pass before a suit based upon an accident which occurred on October 3, 1977 is finally decided.