## Karchner v. Karchner

*Henry O. Heiser, III*, for plaintiff.
*Ronald J. Hagarman*, for defendant.

SPICER, *P.J.*, April 27, 1983—The situation presented by this case is somewhat curious. Plaintiff has sued her husband for divorce and has sought relief including equitable distribution and alimony. She has shown no inclination to proceed, however, and defendant seeks sanctions because of her failure to file an income and expense statement and an inventory and appraisement in accordance with Pa.R.C.P. 1920.31 and 1920.33.

Defendant originally included in his requests that the complaint be dismissed. Plaintiff does not oppose this request and states that she "desires the marriage to remain intact so that her support entitlements will not otherwise be terminated." (Answer, Paragraphs 11 and 14) Defendant has withdrawn this request and now asks that plaintiff either proceed diligently or be forever barred from proceeding on her claim for alimony and equitable distribution.

It is apparently undisputed that plaintiff is quite satisfied with a support order entered in another proceeding and has no intention of doing anything with the divorce action.

We can understand, perhaps, the frustration experienced by defendant. He wants the litigation concluded but not dismissed. We have remarked in the past that the philosophy of the Divorce Code is that the parties should be able to judicially solve their problems and go about restructuring their lives. Philosophy aside, there are no provisions in either the law or rules of court which require an

unwilling plaintiff to proceed. If a plaintiff is deriving some benefit from the action, such as alimony pendente lite, those benefits can be terminated if the case is not pursued. See Rueckert v. Rueckert, 129 Pittsburgh L.J. 245 (1981).

What is the remedy, then, in cases such as this? Defendant requests that we enter an order forever barring plaintiff from proceeding in equitable distribution or seeking alimony.

Two issues present themselves. First, does this court have the power to enter such an order and, second, would such an order be appropriate?

The rules concerning filing of inventories and income and expense statements are presently silent concering sanctions for noncompliance. While the discovery rules (Pa.R.C.P. 4001-4025) are expressly made applicable to interrogatories filed in a divorce action (see Pa.R.C.P. 1920.22), no such provision is contained in either Pa.R.C.P. 1920.31 or Pa.R.C.P. 1920.33, the rules applicable to this case. We note that this oversight, if it is an oversight, is corrected by amended Rules 1920.31 and 1920.33, effective July 1, 1983.

Even so, we think the right to impose sanctions is given in Local Rule of Court 1920(d) and the broad powers given in the Divorce Code, more specifically 23 P.S. § 401(c). Therefore, we conclude we do have the power to impose the sanctions requested by defendant.

The question then becomes whether those sanctions are appropriate. For guidance, we look to cases decided under Pa.R.C.P. 4019.

It has recently been said:

We recognize that the imposition of specific sanctions is largely within the discretion of the court. Pompa v. Hojnacki, 445 Pa. 42, 45, 281 A. 2d

886, 888 (1971). And as a general rule, sanctions will not be imposed in the absence of some willful disregard or disobedience of a court order or an obligation expressly stated in the Rules. Id. Once it has been determined that the Rules have been disregarded, however, Rule 4019 envisions a procedure by which the court will exercise judicial discretion in formulating an *appropriate* sanction order. This requires the court to select a punishment which "fits the crime." Gonzales v. Procaccio Bros. Trucking Co., 268 Pa. Super. 245, 252, 407 A. 2d 1338, 1341 (1979).

In Gonzales, this court had to consider the validity of a local court rule which mandated the entry of judgment of non pros by the local prothonotary against a plaintiff, where written interrogatories were not answered and certain procedural steps were followed by the defendant including notice and praecipe. In holding that the local rule which did not require the intervention of the court and did not permit the prothonotary to exercise any discretion in fashioning the sanction order, was invalid, we said:

Pa.R.C.P. No. 4019 envisions a procedure by which the court, when confronted with a failure or refusal to answer interrogatories, will exercise judicial discretion in formulating an appropriate sanction order. This requires the court to select a punishment which "fits the crime." If a written interrogatory asks for information which, although relevant, is not determinative of the entire controversy, a default judgment, which in effect is an adjudication of the merits, would seldom, if ever, be appropriate. Under such circumstances, it would be more appropriate to treat the default as an admission or to disallow proof at trial of such undisclosed information. The need to "fit the punish-

ment to the crime" compels the exercise of judicial discretion. The court is required to strike a balance between the procedural needs to move the case to a prompt disposition and the substantive rights of the parties. Id. at 252, 407 A. 2d at 1341; Dunn v. Maislin Transport Ltd., _____ Pa. Super. _____, 456 A. 2d 632, 634 (1983).

It would seem to the court that throwing plaintiff out of court on the equitable distribution and alimony claims is a remedy that is too harsh under the circumstances and is contrary to the purposes of the Divorce Code. It is fairly clear that defendant seeks not the information but a means to prod plaintiff into acting. Even if plaintiff were to provide the documents, there is no probability she would then proceed to litigate these and related issues. She has made it quite clear that she is satisfied to have the case dismissed.

Perhaps, in time, defendant will be in a position to have the case placed in motion. Such a period of elapsed time (three years) would render mainly irrelevant information presently provided. We must also consider that the income and expense information has already been provided in the support proceedings.

In balance, we can think of no punishment that really fits the crime. The order that we enter is designed mainly to protect defendant in case plaintiff should decide not to file the documents and then suddenly proceed on her claims. It does not prejudice plaintiff since she is willing to have the case dismissed and there is no statute of limitations problem.

When and if other sanctions would be meaningful, we will consider further applications for the same.

## ORDER

And now, April 27, 1983, plaintiff is directed to file an inventory and appraisement and an income and expense statement within 30 days of this date. If she fails to do so, the prothonotary is authorized to dismiss this action on praecipe of defendant.