## Children's Hospital of Pittsburgh v. DeSillers

*Wilber McCoy Otto, Stewart M. Flam* and *Bonnie P. Webster,* for plaintiff.

*David A. Jones* and *Frank T. Johnson,* for defendant.

WETTICK, *A.J.,* July 24, 1989 — Children's Hospital instituted an action to recover the balance allegedly due for health care goods and services that it provided to defendant's son during his hospitalization. Defendant, individually and as trustee ad litem on behalf of all persons entitled to share in damages for the wrongful death of her son, filed a counterclaim in which she alleged that her son's death and his suffering for several months prior to his death were a result of medical malpractice.

In accordance with the rules of civil procedure governing discovery, Children's Hospital noticed defendant's deposition for November 28, 1988. At defendant's request, Childern's Hospital agreed to reschedule the deposition to a later date. After several additional postponements, defendant's deposition was eventually scheduled for May 3, 1989 at 1:00 p.m. at the offices of counsel for Children's Hospital. At approximately 1:00 p.m. on May 3, 1989, defendant's Pittsburgh counsel informed counsel for Children's Hospital that he had just received a letter from defendant's Florida counsel indicating that the May 3, 1989 deposition date was inconvenient for Florida counsel. Children's Hospital filed a motion for sanctions. On May 12, 1989, this court ordered defendant to appear for a deposition on June 15, 1989 at the offices of plaintiff's counsel. On the morning of June 15, 1989, defendant's Florida counsel informed counsel for Children's Hospital that defendant would not be appearing for her deposition because of illness.

Children's Hospital filed a second motion for

sanctions. On June 23, 1989, this court entered an order dismissing defendant's counterclaim with prejudice for failure to comply with discovery. The order further provided that this court would reconsider this order of court if defendant appeared for a deposition within 20 days.

Defendant appeared for her deposition within 20 days. Pursuant to the June 23, 1989 order, defendant then filed a motion to reinstate the counterclaim. This motion is opposed by Children's Hospital on two grounds. Children's Hospital contends that defendant's deposition testimony did not support the reasons that her counsel had given for her failures to appear for her deposition in the past. Children's Hospital also contends that defendant had frequent and convenient memory lapses and repeatedly failed to provide full and complete answers.

Both Pennsylvania appellate court case law and Pa.R.C.P. 4019(c)(2) permit a court to bar a party from pursuing a claim as a discovery sanction. See *Pride Contracting Inc. v. Biehn Construction Inc.,* 381 Pa. Super. 155, 553 A.2d 82 (1989); *Vorhauer v. Miller,* 311 Pa. Super. 395, 457 A.2d 944 (1983). However our appellate courts have repeatedly emphasized that less drastic sanctions should normally be utilized and that the sanction of the dismissal of a claim should be imposed only as a last resort after a party has been given every reasonable opportunity to comply with discovery compelled by the discovery rules and orders of court. *Dunn v. Maislin Transport Ltd.,* 310 Pa. Super. 321, 456 A.2d 632 (1983); *Walker v. Pugliese,* 317 Pa. Super. 595, 464 A.2d 482 (1983).

Case law is equally clear that the court may not impose a sanction that is overly broad. The appellate courts continue to apply the standard enunciated in

*Gonzales v. Procaccio Bros. Trucking Co.,* 268 Pa. Super. 245, 407 A.2d 1338 (1979). In that case the Superior Court considered the validity of a local rule of court which authorized the prothonotary to enter a judgment of non pros in every case in which a party failed to comply with a court order requiring answers to interrogatories to be filed within a specified time. The Superior Court held that the imposition of the most severe allowable sanction in each case in which there is non-compliance with any court order compelling discovery is inconsistent with the sanction provisions of the discovery rules because it is the responsibility of a court to impose a sanction that is appropriate for the particular violation.

"Pa.R.C.P. no. 4019 envisions a procedure by which the court, when confronted with a failure or refusal to answer interrogatories, will exercise judicial discretion in formulating an appropriate sanction order. This requires the court to select a punishment which 'fits the crime.' If a written interrogatory asks for information which, although relevant, is not determinative of the entire controversy, a default judgment, which in effect is an adjudication of the merits, would seldom, if ever, be appropriate. Under such circumstances, it would be more appropriate to treat the default as an admission or to disallow proof at trial of such undisclosed information. The need to 'fit the punishment to the crime' compels the exercise of judicial discretion. The court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties." *Id.* at 252, 407 A.2d at 1341.

When we apply these principles to the case before this court, we conclude that defendant's request to reinstate her counterclaim should be granted.

We find no merit to the contention of Children's Hospital that we should deny defendant's request to reinstate her counterclaim because she did not provide reasonable explanations for her failures to appear at the prior depositions. Even assuming that the prior failures were willful, we should not dismiss the action if she has now cured her willful failures to comply with discovery. In accordance with the mandates of *Gonzales v. Procaccio Bros. Trucking Co.*, we must select a punishment which fits the crime. If her failures were willful, the appropriate punishment is the award of counsel fees and other costs. Children's Hospital has experienced no prejudice other than the incurrence of these counsel fees and costs because of defendant's prior failures to comply with discovery. Consequently, Children's Hospital is entitled to no greater sanctions.[*]

Children's Hospital, on the other hand, is entitled to the dismissal of the counterclaim if defendant appeared for a deposition in name only. The provision in the June 23, 1989 order of court that this court would reconsider its order dismissing defendant's counterclaim if she appeared for deposition within 20 days envisioned a deposition at which defendant gave responsive answers to plaintiff's questions or raised good-faith objections to questions that she refused to answer. We therefore consider the merits of the contention of Children's Hospital that defendant failed to provide responsive answers.

After reviewing the transcript of defendant's deposition, we find no merit to the claim of Children's Hospital that defendant consistently provided eva-

---

[*] At this time the only issue before this court is whether to reinstate defendant's counterclaim. Consequently, this court makes no determination as to whether defendant had a valid reason for her previous failures to appear for her deposition.

sive and incomplete answers. Defendant's deposition lasted for more than seven hours over a two-day period. The transcript exceeds 300 pages. In the course of this deposition defendant generally provided adequate information concerning her malpractice claim. If there are specific problems, they should be dealt with through a motion for additional discovery that focuses on the information that defendant allegedly failed to provide.

Children's Hospital is correct in stating that the deposition was prolonged because of the many occasions on which defendant's initial responses were argumentative and incomplete, thereby requiring counsel for Children's Hospital to ask additional questions in order to obtain the information which he sought. But Children's Hospital was equally responsible for the length of the deposition. Most of the difficulties arose over questions that appear to have little or nothing to do with this malpractice claim. An overall review of the transcript indicates that the parties seemed more concerned with matters involving defendant's character, her life history, her activities over the past three years and her general thoughts concerning the quality of care that Children's Hospital provided to her son and to other transplant patients. Few questions were designed to elicit information that would have a significant bearing on this malpractice claim.

While it is apparent that there is a great deal of animosity between Children's Hospital and defendant and while it is obvious from the deposition that counsel for Children's Hospital questions defendant's good faith, the counterclaim that is the subject of this discovery dispute is nothing more than a typical medical malpractice claim. In all likelihood the merits of this claim will depend almost exclusively on expert testimony. The claim

will not proceed to trial unless defendant obtains a medical expert who concludes that there was malpractice. This expert's testimony will in all likelihood be based almost entirely on the medical records of defendant's son and a review of the deposition testimony of the physicians who treated defendant's son. If defendant is able to provide such expert testimony, the jury's decision will be based primarily on the assessment of the credibility of the expert testimony offered by defendant and the expert testimony offered by Children's Hospital.

The parent of a deceased child plays a very limited role in this type of litigation. Since the parent is not a medical expert, her conclusions concerning the quality of the care that her son received are irrelevant and inadmissible. She cannot offer relevant testimony as to liability other than factual observations which a lay person may make concerning the treatment that her son received and statements made to her by persons rendering the treatment. It appears that defendant provided adequate information in her deposition concerning any admissible testimony that she can offer at trial on the issue of liability. While the parent may play a greater role on the issue of damages, it again appears that defendant has provided adequate information concerning this issue at her deposition.

Also even if Children's Hospital can establish that defendant should have provided more complete information concerning specific areas of inquiry, it is unlikely that the dismissal of the entire malpractice claim would be an appropriate sanction. As a general practice we give a party who provided deposition testimony that we found to be incomplete the opportunity to furnish additional testimony in accordance with specific instructions from the court.

Also when a party is not a critical witness to the case, the most appropriate sanction may be to bar that witness from offering testimony at trial that is beyond the fair scope of the testimony offered at the discovery proceedings rather than to dismiss the entire claim.

Children's Hospital has not supported its request that this court deny defendant's motion to reinstate her counterclaim by pointing to any specific areas of inquiry in which she allegedly failed to provide relevant information. It rests its case solely on its characterization of the deposition as a thwarted effort to obtain any relevant information. Since we disagree with this characterization of the deposition, Children's Hospital has given no good reason for denying defendant's request to reinstate the counterclaim. Consequently, in accordance with the established case law that the sanction of a dismissal of a claim should be imposed only as a last measure when there is no other appropriate sanction, we grant defendant's request to reinstate her counterclaim.

## ORDER OF COURT

On this July 24, 1989, it is hereby ordered that the June 23, 1989 order of court dismissing defendant's counterclaim with prejudice for failure to comply with discovery is vacated and defendant's counterclaim is reinstated. This order is entered without prejudice to Children's Hospital to request this court to compel defendant to provide additional discovery or to seek other sanctions in the event that it establishes that defendant failed to provide full and complete information concerning relevant areas of inquiry.