J-S49034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANN MARIE KETTERER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSIAH N. COCHRAN AND DANIELLE WARREN, | |
| Appellants | No. 2067 MDA 2014 |

Appeal from the Judgment Entered November 5, 2014
In the Court of Common Pleas of York County
Civil Division at No(s): 2013-SU-003485-54-CIVIL

BEFORE: BENDER, P.J.E., ALLEN AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                **FILED AUGUST 28, 2015**

Appellants, Josiah N. Cochran and Danielle Warren, appeal from the judgment entered by default on November 5, 2014 in the Court of Common Pleas of York County. We vacate and remand.

On or about July 24, 2013, Ann Marie Ketterer (Appellee) filed a conversion/landlord-tenant complaint against Appellants seeking unpaid rent money, compensation for damage to a rental property, and damages for conversion of personal property. Appellee filed her complaint before a district magistrate. On September 4, 2013, the magistrate entered judgment in favor of Appellee for $7,655.28. The judgment imposed joint and several liability against Appellants.

Thereafter, on September 30, 2013, Appellants appealed from the judgment entered by the magistrate and praeciped for the entry of a rule

directing Appellee to file a complaint. In response, Appellee filed a complaint on October 24, 2013. Appellants answered the complaint and filed counterclaims on November 25, 2013.

On December 16, 2013, Appellee filed preliminary objections to Appellants' counterclaims. Subsequently, Appellee filed a supporting brief on December 24, 2013. Appellants did not file a brief in opposition to Appellee's objections. On May 20, 2014, the trial court sustained, in part, and overruled, in part, Appellee's preliminary objections. The court's order also granted Appellants 20 days to amend their counterclaims. Appellants never amended their counterclaims.

In the meantime, on or around December 18, 2013, Appellee served her first set of interrogatories and first request for production of documents upon Appellants. Nearly two months passed without any response from Appellants or their counsel. On February 11, 2014, counsel for Appellee sent correspondence to Appellants' counsel requesting discovery responses within ten days and advising that, if no responses were forthcoming, Appellee would seek sanctions and attorneys' fees. On February 21, 2014, counsel for Appellants responded to Appellee's discovery requests by facsimile transmission. A cover letter included with Appellants' response admitted that the documents were difficult to read and promised more legible hard copies in the future.

Although Appellants' counsel promised to supplement the responses with legible hard copies, no supplement was forthcoming and another 20

days passed without further communication from Appellants' counsel. For this reason, Appellee's counsel on March 11, 2014 forwarded a second letter to counsel for Appellants. In this letter, counsel noted that no effort had been made to provide legible hard copies or to supplement Appellants' nonresponsive answers to interrogatories. Counsel for Appellee further advised that he would seek judicial intervention if Appellants did not produce full and complete discovery responses by the close of business on March 14, 2014. On March 19, 2014, in the absence of further communication from counsel for Appellants, Appellee filed a motion to compel answers to interrogatories and production of documents, together with a motion for sanctions. By order dated April 10, 2014, the trial court granted Appellee's motion to compel and ordered Appellants to "provide full and complete verified answers to Interrogatories [] 11 and 16 and full and complete legible copies of documents in [response to Appellee's] First Request for Production of Documents within ten days from the date of this Order." Trial Court Order, 4/10/14. The court denied Appellee's request for sanctions at this time.

After Appellants again took no action to respond to Appellee's discovery requests, Appellee, on May 6, 2014, filed a petition seeking sanctions and an order holding Appellants in contempt, as well as an application for attorneys' fees. On May 19, 2014, the trial court issued a rule to show cause and scheduled a hearing for June 19, 2014. Neither Appellants nor their counsel appeared at the hearing. On June 19, 2014, the

trial court issued an order entering default judgment and imposing sanctions against Appellants, jointly and severally, for $25,700.00. The court also found Appellants and their counsel in contempt of the order entered on April 10, 2014 and jointly assessed attorneys' fees in the amount of $1,106.00, payable to Appellee within ten days. A judgment of *non pros* was entered against Appellants on their counterclaims.

On June 30, 2014, counsel for Appellants petitioned to open the default judgment and lift the sanctions. In the petition, counsel alleged that he was unaware of the May 19 rule to show cause, as well as the June 19 hearing. Counsel explained that he resigned from his former law firm on March 7, 2014 and that he never received service of Appellee's May 6, 2014 petition because he did not provide forwarding information to the court or the parties. Petition to Open, 6/30/14, at 2 ¶¶ 6-7. Counsel further alleged that he only learned of the proceedings after checking the electronic file at the York County Prothonotary, as a follow-up to a telephone inquiry about the status of the case. Counsel also averred that, since neither he nor Appellants received notice of the proceedings, the court should not find that they intentionally ignored the May 19 order or that they purposefully failed to appear at the June 19 hearing. Counsel blamed his failure to update his address on the sudden closure, and his departure from, the law firm where he worked. Following a hearing on July 15, 2014, the trial court denied the petition in an order dated July 17, 2014. Appellants never appealed from this order.

On October 17, 2014, substitute counsel for Appellants entered his appearance and filed a second petition to open or strike the default judgment. Following oral argument on October 30, 2014, the trial court denied Appellants' petition. Trial Court Order, 11/5/14.[1] That order forms the basis of this appeal.

Appellants' brief raises two issues for our review:

Did the trial court abuse its discretion when the court denied Appellants' petition to open or strike default judgment, filed on October 17, 2014?

Did the trial court abuse its discretion because the court's "punishment" of default judgment did not fit the Appellants' "crime"?

Appellants' Brief at 5.

Although Appellants identify two issues in their brief, our review of the certified record and the submissions of the parties reveals, in fact, that Appellants raise a single challenge, which they address under two distinct standards. Both issues addressed in Appellants' brief argue that the trial court abused its discretion in denying their petition to open the default judgment. In their first issue, Appellants frame their argument under the three-part standard that applies when a default judgment is entered because

---

[1] Appellants filed their notice of appeal on December 5, 2014. Thereafter, on December 15, 2014, the trial court directed Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants filed their concise statement on January 2, 2015. The trial court issued its Rule 1925(a) opinion on January 12, 2015.

a party fails to file a responsive pleading. The second part of Appellants' argument presents their claims within the framework of the test that applies when a court enters a default judgment as a discovery sanction. Since Appellants answered Appellee's complaint and since the trial court here clearly entered judgment against Appellants as a sanction for their conduct in discovery, we shall confine our analysis to the propriety of the trial court's decision as a discovery sanction. *See Allegheny Hydro No. 1 v. American Builders, Inc.*, 722 A.2d 189, 195 (Pa. Super. 1998) (explaining that three-part test is a tool used to determine whether default judgment has properly been imposed upon a party "who had the opportunity to defend [a] claim on the merits but has failed to do so"). As such, we turn now to the substance of Appellants' contentions, as presented under the second part of their argument.

Appellants offer two arguments in support of their contention that the trial court abused its discretion in entering default judgment against them.[2] Although Appellants concede that Appellee's discovery requests are relevant, they maintain that the requests are not determinative in this dispute and that the trial court should have refrained from entering a default judgment and instead treated the subject matter of the discovery as admitted,

_____

[2] Appellants raise no claim that the entry of a judgment of *non pros* as to their counterclaims constituted an abuse of discretion. Hence, we shall not address this issue.

disallowed proof at trial, or found Appellants in contempt and assessed fees. Appellants' Brief at 20-21, *citing* **Gonzales v. Procaccio Bros. Trucking Co.**, 407 A.2d 1338, 1341 (Pa. Super. 1979) ("If a written interrogatory asks for information which, although relevant, is not determinative of the entire controversy, a default judgment, which in effect is an adjudication of the merits, would seldom, if ever, be appropriate. Under such circumstances, it would be more appropriate to treat the default as an admission or to disallow proof at trial of such undisclosed information."). Alternatively, Appellants assert that they are entitled to relief because their attorney's mistake was not willful and since a "mistake or inadvertence by counsel often justifies [the] opening of a default judgment." **Id.**

Pennsylvania Rule of Civil Procedure 4019 authorizes a trial court to impose sanctions to insure the prompt completion of discovery. In relevant part, it provides:

> (a)(1) The court may, on motion, make an appropriate order if
> ...
>
> (iii) a person ... fails to answer, answer sufficiently or object to written interrogatories ...
>
> ...
>
> (viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.
> ...
>
> (c) The court, when acting under subdivision (a) of this rule, may make
> ...

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party

…

(5) such order with regard to the failure to make discovery as is just.

Pa.R.C.P. 4019.

As Rule 4019 makes clear, judgment by default is permissible as a discovery sanction. "Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed." *Rohm & Haas Co. v. Lin*, 992 A.2d 132, 142 (Pa. Super. 2010) (citations omitted). Judicial discretion implies action in conformity with law on facts and circumstances before the court; consequently, discretion is abused where the court misapplies the law or exercises it discretion in a manner lacking reason. *Grandelli v. Methodist Hospital*, 777 A.2d 1138, 1144 (Pa. Super. 2001).

"[W]hen a discovery sanction is imposed, the sanction must be appropriate when compared to the violation of the discovery rules." *Reilly v. Ernst & Young, LLP*, 929 A.2d 1193, 1200 (Pa. Super. 2007). Because "dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced." *Grandelli*, 777 A.2d at 1144-1145. Thus, where a discovery sanction essentially terminates the action, the court

- 8 -

must consider multiple factors balanced against the necessity of the sanction. *Id.* at 1145.

> Mindful, of course, that each factor represents a necessary consideration and not a necessary prerequisite, this Court has outlined the following factors:
>
> (1) the nature and severity of the discovery violation;
>
> (2) the defaulting party's willfulness or bad faith;
>
> (3) prejudice to the opposing party;
>
> (4) the ability to cure the prejudice; and
>
> (5) the importance of the precluded evidence in light of the failure to comply.

*Anthony Biddle Contractors, Inc. v. Preet Allied American Street, Inc.*, 28 A.3d 916, 926 (Pa. Super. 2011).

The trial court in this case observed that, "[its] sanction was the result of a failure to respond to discovery and failure to comply with [c]ourt orders requiring the production of said discovery." Trial Court Opinion, 1/12/15, at 2. In addition, the trial court was dissatisfied with the excuse proffered by Appellants' first counsel. Thus, the trial court refused to open the default judgment because "[Appellants were aware of the discovery requests before the issues with previous counsel's law firm arose and the fact that previous counsel failed to properly update the Prothonotary about his change of address [was] not, in [the court's] opinion, reasonable." *Id.* at 3.

After careful review of this case in light of the factors listed above, we conclude that the default judgment should be opened. Preliminarily, we note

that Appellants failed to produce discovery relating to the identity, description, and value of property that they allegedly abandoned or removed from Appellee's rental property. This material was highly probative and potentially dispositive of the claims and defenses raised in this case.

However, based on our assessment of the remaining factors, we are not persuaded that Appellants' level of blameworthiness for the discovery delays called for the entry of a default judgment. We agree with the trial court that Appellant's original counsel offered less than compelling reasons for his conduct throughout this case. We note, however, that counsel's petition to open the judgment alleged that he left his former firm on March 7, 2014 and no longer received case-related correspondence from that time forward. From this time on, then, although counsel did not withdraw from the case, he effectively terminated his role as advocate for Appellants and their interests. Thus, while both Appellants and their counsel could be faulted jointly for earlier delays in responding to discovery, the record suggests strongly that Appellants and original counsel essentially parted ways after counsel left his job and disengaged from this dispute. Appellants should not shoulder the burden for their attorney's failure to discharge his professional duties with reasonable care and diligence. It is inequitable, therefore, that Appellants themselves should incur the harsh sanction of default for failing to participate in proceedings that occurred after their lawyer virtually removed himself from the case. Because the trial court

focused too closely on the conduct of counsel, and overlooked the inequities of the harsh consequences imposed on Appellants, we are constrained to vacate the order refusing to open the default judgment.

In sum, we conclude that the trial court abused its discretion in entering default judgment as a discovery sanction in this case. Although the court correctly found that Appellants' counsel showed poor professional judgment and a lack of due diligence during discovery, the court did not consider fully the impact of compromising Appellants' substantive rights under circumstances that suggest that they were no longer being competently represented. On remand, the court should consider a less severe sanction.

Judgment vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015