**Sandra KUHLMEIER, Appellant,**

v.

**John KUHLMEIER, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 1, 2002.
Filed Feb. 12, 2003.

---

22. The failure to hold a hearing is contained within Trach's argument that the trial court misapplied *Frye*.

Molly Callahan, Philadelphia, for appellant.

Before DEL SOLE, P.J., and ORIE MELVIN and BECK, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Sandra Kuhlmeier appeals from an order which dismissed her petition for extension of an existing Protection from Abuse Order but granted her leave to file for a new temporary PFA order. We reverse and remand for further proceedings.

■ ¶ 2 On March 18, 2000, after an incident in which Appellee John Kuhlmeier kicked Appellant and hit her in the head and face, Appellant obtained a temporary protection from abuse (PFA) order prohibiting Appellee from having any contact with Appellant. Subsequently, the parties reached an agreement and the court entered an 18–month final PFA order that prohibited Appellee from having any contact with Appellant, living at, entering or attempting to enter Appellant's residence or workplace, and possessing, transferring or acquiring any weapons. This order also incorporated by reference the terms of a custody agreement regarding the parties'

two children. Although Appellant did not file any contempt petitions against Appellee, she sought to extend the order and, four days before the PFA order expired, she filed a petition to extend the order. She served this petition on Appellee's counsel of record. A hearing on the petition was originally scheduled for December 26, 2001, two days after the PFA order expired. Since neither the parties nor their attorneys were available, a continuance was requested. Appellant's counsel also requested that the PFA order be extended until the date of the hearing. The hearing was rescheduled for February 6, 2002, but no order extending the PFA order was signed. On February 6, Appellant, her attorney and Appellee's attorney, but not Appellee, appeared. Appellee's counsel sought to withdraw and the trial court granted this request.[1] The court also heard argument on why the PFA order should be extended but refused to allow Appellant to present any evidence in support of her petition. Ultimately, the trial court dismissed Appellant's petition to extend without prejudice to Appellant's right to file a new PFA complaint based on her allegations of violations during the term of the order. This appeal followed.[2]

¶ 3 On appeal, Appellant raises the following issues:

(1) Whether the lower court erred as a matter of law in failing to extend a protection from abuse order when a Petition to Extend that order was timely filed, but the order had expired prior to the hearing on the Petition.

(2) Whether upon violation of a protection from abuse order, a plaintiff may choose to remedy the violation by filing a Petition to Extend the order and/or filing a Contempt Petition.

(3) Whether the lower court erred as a matter of law in determining that service was not proper.

(4) Whether the lower court abused its discretion in dismissing a Petition to Extend a protection from abuse order based on a determination that service was not proper, rather than continuing the hearing to allow for effectuation of service.

Appellant's Brief at 3.[3] Since Appellant's issues all raise error in applying the law, our scope of review is plenary. *Egelman v. Egelman*, 728 A.2d 360 (Pa.Super.1999).

¶ 4 Initially, Appellant contends that the trial court erred in determining that it could not extend the PFA order because the order had expired prior to the hearing. Appellant argues that, since the petition to extend was timely filed, the court still had the ability to grant the petition even though the original PFA order had, by its terms, expired. Since there is no Pennsylvania case law on this issue, Appellant has directed us to the Minnesota Supreme Court case of *Burkstrand v. Burkstrand*, 632 N.W.2d 206 (2001), whose reasoning we find persuasive. The Minnesota statute sets forth particular time limits within which a hearing must be held under the factual circumstances present in *Burkst-*

---

**1.** We question how the trial court could have allowed this withdrawal when it does not appear that Appellee had notice of counsel's request to withdraw.

**2.** This order is final and appealable as it completely dismissed Appellant's petition to extend. Although the order includes the phrase "without prejudice," that language refers to Appellant's right to file for a new PFA order

not to her ability to file a new petition to extend the original PFA order. Since these are different actions with different quanta of proof and different remedies, Appellant is clearly "out of court" on her petition to extend and the order is therefore appealable. See Pa.R.A.P. 341.

**3.** We note that Appellee has not filed a brief or responded in any way to this appeal.

*rand.* Despite the fact that the hearing was not held within those time limits, the trial court entered a protection order. The Court of Appeals reversed, holding that the trial court lacked jurisdiction to hear the case because the hearing was not held within the time limits of the statute. The Minnesota Supreme Court reversed the Court of Appeals. In so doing, the Court considered both the purpose of the time limits and the purposes of the statute in general. Further, the Court recognized that a delay in holding the hearing is often a matter beyond the petitioner's control as it may be caused by the court's own schedule or by requests for continuances made by the respondent. Indeed, in *Burkstrand,* the initial hearing date was beyond the statutory time limits primarily as a result of the court's schedule.

■ ¶ 5 In the present case, as in *Burkstrand,* the petition was timely filed but the initial hearing was scheduled for two days after the PFA order expired. Since the record does not show any request by the petitioner for any particular date, we presume this hearing date was chosen according to the court's schedule. The petitioner in such a situation cannot be penalized for scheduling delays which are beyond the petitioner's control. Thus, we conclude that the fact that the hearing was held after the PFA order expired does not divest the trial court of the power to hear the evidence and, if appropriate, enter an order extending that order.

■ ¶ 6 Appellant next argues that the court erred in holding that she was required to bring a contempt petition during the pendency of the PFA order before she could avail herself of the right to extend the order. The trial court based this determination on Philadelphia County Rule 1905.7 which states that "Any Order granted under [23 Pa.C.S.A. § 6108] is not extendible beyond one year unless there has

been a filing or charge of contempt during the course of the order . . . ."

■ ¶ 7 Local rules may not be inconsistent with any general rule of the Supreme Court or any Act of Assembly. Pa.R.C.P. 239(b)(1). A local rule is invalid if it conflicts with either a statewide rule or a statute. *Id.; Philadelphia v. Percival,* 464 Pa. 308, 346 A.2d 754 (1975); *McGratton v. Burke,* 449 Pa.Super. 597, 674 A.2d 1095 (1996). The PFA Act provides that an extension of a PFA order may be granted:

(i) Where the court finds, after a duly filed petition, notice to the defendant and a hearing, in accordance with the procedures set forth in sections 6106 and 6107, that the defendant committed one or more acts of abuse subsequent to the entry of the final order or that the defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child.

23 Pa.C.S.A. § 6108(e)(1)(i). The statute does not require that a contempt charge be filed before a petitioner can request the court to extend a PFA order. Thus, the Philadelphia local rule, which adds a requirement which is not in the statute, is inconsistent and in conflict with the statute and is therefore invalid.

■ ¶ 8 Appellant also argues that the trial court erred in dismissing her petition for lack of service. Appellant correctly points out that the statute allowing an extension of a PFA order requires "notice to the defendant." *Id.* (emphasis added). Neither the statute nor the rules specific to PFA actions deal with the appropriate manner in which that notice must be given. Therefore, we look to the general rules set forth in the Rules of Civil Procedure for guidance. Original process in a PFA action is the initial petition, not a petition to extend as is involved in the present case. Rule 440 sets forth the appropriate means

of serving papers other than original process and specifically allows mailing to the party's attorney of record. Pa.R.C.P. 440(a)(1)(i). Presently, the record shows that both the petition to extend and the order setting a hearing date were mailed to Appellee's attorney of record, who did appear at the hearing. Thus, the record establishes that Appellee did have notice as prescribed by the Rules and the trial court erred in concluding otherwise.[4]

¶ 9 Accordingly, for the reasons set forth above, we reverse the trial court's order dismissing Appellant's Petition to Extend and remand for a hearing on the merits of that petition.

¶ 10 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

---

**4.** Since we conclude that Appellant did give proper notice, we need not discuss her fourth issue.