J-S47003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.M.P.-V. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.A.V., | |
| Appellant | No. 66 EDA 2017 |

Appeal from the Order Entered November 28, 2016
In the Court of Common Pleas of Wayne County
Domestic Relations at No(s): 208-2016 DR

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **Filed August 8, 2017**

J.A.V. appeals from the order, entered in the Court of Common Pleas of Wayne County, granting S.M.P.-V. a final, three-year Protection From Abuse (PFA)[1] order.  We reverse and remand for further proceedings.

S.M.P.-V. filed a petition seeking a PFA order against J.A.V., her ex-husband, claiming that he had threatened and stalked her while he was on parole.  On May 2, 2016,[2] the court granted S.M.P.-V.'s petition and issued a temporary PFA order against J.A.V.  Attached to the temporary PFA order is a "Notice of Hearing and Order," indicating that a hearing on the matter was

_____

[1] 23 Pa.C.S.A. § 6101.

[2] While the order was not entered on the docket until May 2, 2016, it indicates that it is effective on April 29, 2016, "until otherwise modified or terminated by th[e] Court."  Temporary PFA Order, 5/2/16.

scheduled for May 6, 2016. On May 6, 2016, the court issued a modified, temporary PFA order; the hearing on a final PFA order was rescheduled for November 4, 2016. This order was served on the parties' attorneys and on the Wayne County Sheriff's Department in Honesdale. On November 1, 2016, S.M.P.-V.'s counsel filed a motion to continue the November 4, 2016 hearing. On November 1, 2016, the court entered an order granting the continuance and rescheduling the final PFA hearing for November 25, 2016. This order was served on S.M.P.-V.'s attorney and J.A.V., but not on J.A.V.'s counsel.[3] Indeed, the order indicates that J.A.V. is *pro se* and that notice was sent to him via regular mail. Attached to the notice are acceptances of service noting that the sheriff and prison accepted service of the order. Notably, attached to those acceptances is an envelope marked, "returne[d] to sender, attempted - not known, unable to forward," and that "J.[A.]V. [is] not at this address."[4] J.A.V. failed to appear for the hearing on November 28, 2016, and a final, three-year PFA order was entered against him.

---

[3] Despite these facts, the final PFA order indicates that "Defendant was served in accordance with Pa.R.C.P. 1930.4 and provided notice of the time, date and location of the hearing scheduled this matter." Final PFA Order, 11/25/16, at 2.

[4] The envelope is addressed to 3111 Wiscasset Drive, Swiftwater, PA, 18370, which is the address S.M.P.-V. lists as J.A.V.'s address on the PFA petition.

J.A.V. filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.[5] The trial court filed its Rule 1925(a) opinion noting, "this Court agrees that Plaintiff's attorney failed to give Defendant proper notice of his Motion for Continuance of the November 4, 2016 hearing and that the Prothonotary's Office failed to give Defendant proper notice of the November 1, 2016 Order which continued the hearing date to November 25, 2016." Trial Court Opinion, 2/27/16, at 2.

> On appeal, J.A.V. raises the following issue for our review:
>
> Whether the trial court erred in granting, by default due to Defendant's non-appearance, Plaintiff's Petition for Protection From Abuse where Defendant's Attorney was not given notice by Plaintiff's Attorney of his filing of a Motion to Continue Hearing or the continued date of hearing as well as Defendant's Attorney not receiving notice of the continued date of hearing from the Prothonotary's Office?
>
> Brief of Appellant, at 11.

---

[5] Additionally, J.A.V. filed a petition for reconsideration on January 5, 2017. *See* Pa.R.C.P. 1930.2(b) (party aggrieved in domestic relations matter may file motion for reconsideration in accordance with Pa.R.A.P. 1701(b)(3)). This petition was denied by the trial court because it was filed thirty-eight days after entry of the November 28, 2016, final PFA order. *See* Pa.R.A.P. 1701(b)(3)(i). Thus, despite the trial court agreeing that J.A.V. did not receive proper notice of the rescheduled final PFA hearing, it was unable to reconsider its order due to the untimely filing of the petition for reconsideration. *See* Pa.R.A.P. 1701(b)(3).

J.A.V. argues that the trial court abused its discretion and committed an error of law when it entered a final PFA order against him without first giving him notice of the rescheduled date of the final PFA hearing.

This Court's standard of review for PFA orders is limited to an error of law or abuse of discretion by the trial court. *Stamus v. Dutcavich*, 938 A.2d, 1100 (Pa. Super. 2007). When an appellant's issue raises an error of law, our Court's scope of review is plenary. *Kuhlmeier v. Kuhlmeier*, 817 A.2d 1127, 1129 (Pa. Super. 2003).

Pennsylvania Rule of Civil Procedure 440 sets forth the appropriate means of serving papers in a PFA action, other than original process which is the initial petition. *Id.* at 1130. The Rule specifically allows mailing these other papers, such as the instant order that granted the continuance and rescheduled the parties' final PFA hearing, to the party's attorney of record. *Id.* at 1131. Pursuant to Rule 440(a)(1)(i),

> (a) (1) Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action.
>
> (i)      Service shall be made . . . by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree[.]

Pa.R.C.P. 440(a)(1)(i).

Instantly, S.M.P.-V. admits that J.A.V.'s counsel should have been, but was not, served with S.M.P.-V.'s motion for continuance of the November 4, 2016 hearing. Moreover, the record bears out the fact that J.A.V. was

served personally, under the mistaken notion that he was *pro se*, while his counsel, John. J. Martin, Esquire, was not served notice of the continuance and rescheduled final PFA hearing in contravention of Rule 440(a)(1). Therefore, because "[d]ue process requires that a party who will be adversely affected by a court order must receive notice and a right to be heard in an appropriate setting," **McKinney v. Carolus**, 634 A.2d 1144, 1146 (Pa. Super. 1993), we reverse and remand.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2017