J-S52044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H.B., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| G.P., | : | |
| | : | |
| Appellant | : | No. 314 MDA 2018 |

Appeal from the Order Entered January 24, 2018,
in the Court of Common Pleas of Schuylkill County,
Civil Division at No(s): A-106-2017

BEFORE:  BENDER, P.J.E, MCLAUGHLIN, J. and STRASSBURGER,* J.

MEMORANDUM BY STRASSBURGER, J.:    **FILED: NOVEMBER 9, 2018**

G.P. (Appellant) appeals from the order which granted the request of

H.B. to modify a final Protection from Abuse (PFA) order pursuant to the PFA

Act (the Act), 23 Pa.C.S. §§ 6101-6122.  We affirm.

> On April 10, 2017, H.B. [] filed a petition seeking relief under
> the [Act] from [Appellant].  That petition alleged that [H.B. and
> Appellant] had been engaged in a relationship for some period of
> time, which turned violent on the evening of Saturday, April 8,
> 2017, in the Borough of Girardville, Pennsylvania.  The allegations
> assert that they had been at a bar, [Appellant] had taken [H.B.'s]
> phone and left the bar, and when she went outside to retrieve the
> phone[, Appellant] began punching her in the head.  [H.B.]
> asserted that she was injured and had to be taken from the scene
> by ambulance and received treatment to her right knee and to the
> back of her head.  Later that morning,[ H.B.] alleges a large rock
> was thrown through her front window, and that harassing text
> messages [were] left on her phone.  [Appellant] was charged with
> aggravated assault, simple assault[,] and other offenses by the
> police stemming from [this incident].  On April 10, 2017, [H.B.]

_____

* Retired Senior Judge assigned to the Superior Court.

appeared before [the trial court] where a temporary [PFA] order was entered prohibiting [Appellant] from harassing, stalking, or annoying [H.B.] until further order. The court order of April 10, 2017 scheduled a hearing date on the *ex parte* temporary order for April 19, 2017.

On April 19, 2017, [H.B. and Appellant,] together with witnesses, appeared before the [trial court for a] hearing on the final protective order []. At the time of the hearing[,] the parties entered into a consent order without admission of wrongdoing by [Appellant,] which included a no contact/no harassment provision to expire on January 19, 2018. Attorney [Nicholas] Quinn represented [Appellant] at the hearing, and Attorney [Julie] Werdt represented [H.B.].

Trial Court Opinion, 4/11/2018, at 1-2.

At the December 20, 2017 preliminary hearing on the aforementioned criminal charges, Appellant, H.B., and an eyewitness appeared. N.T., 1/24/2018, at 21-22. At the hearing, Attorney Quinn and the Commonwealth engaged in negotiations, eventually agreeing that in exchange for the Commonwealth withdrawing the felony and misdemeanor charges, Appellant would plead guilty to a series of summary offenses, pay restitution, and agree to a modification of the PFA order, allowing the order to expire three years from the original effective date, as opposed to the originally agreed upon nine months. *Id.* at 22-23. That day, the felony and misdemeanor charges were withdrawn and Appellant pled guilty. *Id.* at 28-30. Officer Jennifer Dempsey, the arresting officer who was present at the preliminary hearing, testified that during Appellant's plea, the magisterial district judge asked specifically if Appellant understood that the charges were dropped in consideration for

Appellant's agreement, *inter alia*, to extend the PFA order, which he replied he understood. *Id.* at 30.

Following the preliminary hearing, on December 28, 2017, H.B. filed a motion to modify the PFA order. Motion to Modify Final Protection from Abuse Order, 12/28/2017. Therein, H.B. averred that the extension should be granted based upon (1) the agreement made at the preliminary hearing, and (2) Appellant's continual harassment of H.B. *Id.* at 2 (unnumbered). An order was entered scheduling a hearing on H.B.'s motion for January 17, 2018, two days before the PFA order was set to expire. Order of Court, 1/5/2018.

At the January 17, 2018 hearing, both parties appeared with counsel, although Appellant was now represented by Attorney Marguerite Nealon. N.T., 1/17/2018, at 2. Attorney Nealon made it clear that Appellant was contesting the motion to modify and would not agree to an extension of the PFA order. *Id.* at 2. Attorney Nealon argued that there had been no contact between the parties since the PFA order was originally entered, and therefore there was no reason to extend the order. *Id.* at 2-3.

> [Attorney Werdt, H.B.'s counsel] argued that an agreement had been reached at the preliminary hearing to permit an extension of the order, [Appellant] received the benefit of a deal negating possible aggravated assault charges, and that because Attorney Werdt was advised that the extension would be by consent, she did not have necessary witnesses for the hearing on January 17, 2018. [Attorney Nealon] argued against a continuance[.] Because of the testimonial issues[,] the [trial court] continued the hearing on the motion to modify until the following Wednesday, January 24, 2018. The original final [PFA] order that was entered on April 19, 2017, expired on January 19, 2018, thus[,] a hearing

- 3 -

on modification or extension of the order as directed by [the trial court] would be after the expiration of the original order.

Trial Court Opinion, 4/11/2018, at 3.

On January 24, 2018, the parties appeared for the hearing. Before testimony began, Appellant requested the petition should be dismissed because the trial court lacked jurisdiction. N.T., 1/24/2018 (AM), at 1-5. Specifically, Appellant averred that because the PFA order had expired, the trial court did not have the jurisdiction to modify it. *Id.* H.B argued that the continuance was necessitated by Appellant's refusal to consent to the extension in accordance with the deal made at the preliminary hearing. *Id.* at 3-4. After brief argument, the trial court denied Appellant's request and proceeded with an evidentiary hearing. *Id.* at 9.

At the hearing, H.B. testified regarding the deal brokered at the preliminary hearing as set forth *supra.*

> [H.B] also testified as to things she believed were directly related to [Appellant] that had occurred while the original PFA order was in effect. While she testified that she did not have direct contact with [Appellant], that during the course of the order [Appellant] had sent explicit sexual photographs to a client of hers, her boss, and her employer, along with a letter attempting to disparage [H.B.]. She testified that this occurred around the first week of July of 2017. She further testified that she was certain that [Appellant] was sending these demeaning photographs because they were made from a film that had been made between [Appellant and H.B.,] and that only [they] would have any access to that film, unless [Appellant] gave it to someone else. She also testified that other things were going on at this time, including being reported to Children and Youth [Services,] but wasn't certain she could directly attribute that to [Appellant], as she could with regard to the photographs. [H.B.]

- 4 -

testified that she had never given any of the film or photos to anyone else nor had they been posted anywhere else.

Trial Court Opinion, 4/11/2018, at 3-5.

Attorney Quinn and Officer Dempsey's testimony at the hearing corroborated H.B.'s understanding of the deal reached at the preliminary hearing. N.T., 1/24/2018, at 22-23, 30.

In addition, Officer Dempsey testified that she had spoken to H.B. about the illicit photographs and put them through evidence. *Id.* at 31. At the time of the hearing, the photographs were in an evidence locker. *Id.* Officer Dempsey stated that, due to the higher burden of proof, she had not pressed charges against Appellant. *Id.*

[Appellant] likewise testified and stated that he was not in agreement that he had agreed to extend the PFA, and that he thought his pleas to the summary offenses was going to end the matter. He also testified that he had no contact with [H.B.[] during the original PFA order and denied sending lewd photographs of [H.B.] to anyone. The [trial c]ourt did not find [Appellant's] testimony credible.

Trial Court Opinion, 4/11/2018, at 5-6.

At the close of the hearing, the trial court granted H.B.'s request, extending the final PFA order until June 30, 2019. On February 14, 2018, Appellant filed simultaneously a motion for reconsideration and notice of appeal. The motion was denied on February 20, 2018. On appeal,[1] Appellant sets forth three issues for our review.

_____

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

1. Did the [trial] court erroneously sustain jurisdiction after the time period of the PFA order expired[,] thus rendering the order void?

2. Whether the [trial] court failed to properly weigh the evidence in assessing whether modification was due?

3. Whether the [trial] court conducted an unfair hearing in violation of [Appellant's] constitutional rights by failing to allow [Appellant] to review and contest the evidence presented against him?

Appellant's Brief at 5 (suggested answers and unnecessary capitalization omitted).

"Our standard of review for PFA orders is well settled. 'In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion.'" **Boykai v. Young**, 83 A.3d 1043, 1045 (Pa. Super. 2014) (quoting **Stamus v. Dutcavich**, 938 A.2d 1098, 1100 (Pa. Super. 2007) (citations omitted)). "In the context of a PFA case, the court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury…." **Raker v. Raker**, 847 A.2d 720, 725 (Pa. Super. 2004). The intent of the alleged abuser is of no moment." **Buchhalter v. Buchhalter**, 959 A.2d 1260, 1263 (Pa. Super. 2008).

Appellant first argues that the trial court "committed an error of law and abused its discretion in retaining jurisdiction in the modification hearing on January 24, 2018, after the period for the PFA [o]rder had expired five days earlier." Appellant's Brief at 14. Appellant averred H.B. could have sought an extension of the PFA order in the interim so that the order did not expire, but

H.B. did not. *Id.* at 16. Because of this, Appellant contends that "the [trial] court lacked jurisdiction to render an enforceable judgment[,]" and therefore, the trial court's "judgment must be held void." *Id.* at 14.

The trial court concluded that it properly exercised jurisdiction because the continuance was "due to conditions outside of the control of" H.B. Trial Court Opinion, 4/11/2018, at 6. The court citied *Kuhlmeier v. Kuhlmeier*, 817 A.2d 1127 (Pa. Super. 2003) in support of its decision. *Id.*

In *Kuhlmeier*, after obtaining a temporary PFA order prohibiting John Kuhlmeier from having contact with Sandra Kuhlmeier, the parties entered into an agreement and the trial court entered an 18-month final PFA. *Kuhlmeier*, 817 A.2d at 1128. Although Sandra "did not file any contempt petitions against [John], she sought to extend the order, and four days before the PFA order expired, she filed a petition to extend the order." *Id.* at 1129.

The order was served on John's counsel of record and a hearing was scheduled for December 26, 2001, "two days after the PFA order expired. Since neither the parties nor their attorneys were available, a continuance was requested." *Id.* In the interim, Sandra requested that the PFA order be extended until the date of the hearing. "The hearing was rescheduled for February 6, 2002, but no order extending the PFA order was signed." *Id.* Concluding that "it could not extend the PFA order because the order had expired prior to the hearing[,]" the trial court denied Sandra's request without prejudice to file a new PFA petition. *Id.* Sandra appealed to this Court.

On appeal, this Court concluded that

the petition [to modify] was timely filed but the initial hearing was scheduled for two days after the PFA order expired. Since the record does not show any request by the petitioner for any particular date, we presume this hearing date was chosen according to the court's schedule. The petitioner in such a situation cannot be penalized for scheduling delays which are beyond the petitioner's control. Thus, we conclude that the fact that the hearing was held after the PFA order expired does not divest the trial court of the power to hear the evidence and, if appropriate, enter an order extending that order.

*Id.* at 1130.

Here, as in **Kuhlmeier**, the petition to modify was timely filed and the initial hearing was scheduled for two days before the PFA order was set to expire. Motion to Modify PFA order, 12/28/2017; Rule to Show Cause, 1/5/2018. However, the trial court found that H.B. had filed the modification petition under the assumption, based on a prior agreement with Appellant, that the hearing was just a formality and Appellant would be consenting to the extension. N.T., 1/17/2018, at 2-4. Thus, when the parties appeared for the hearing on January 17, 2018, H.B. learned for the first time that Appellant was no longer consenting to an extension, was unprepared to proceed and requested a continuance. *Id.* The trial court granted that request.[2] *Id.* at 7.

---

[2] Notably, while Appellant did contest the request for a continuance when the parties appeared at the initial hearing date, *see* N.T., 1/17/2018, at 2-3, Appellant did not argue that a continuance would divest the trial court of jurisdiction. Instead, Appellant challenged the request because: (1) there had been no contact between him and H.B. since the order had been entered and thus, there was no reason to extend the PFA, and (2) H.B. and her attorney should have been prepared to proceed with the contested hearing that day. *Id.*

However, the new hearing date, January 24, 2018, was five days after the PFA expired.

Based upon the foregoing, we agree with the trial court that H.B. should not be penalized for the "chain of events" brought about by Appellant, which "prohibited the timely hearing from being conducted." Trial Court Opinion, 4/11/2018, at 7. As detailed *supra*, H.B. filed a timely request to extend the PFA order. Additionally, the hearing would have occurred prior to the expiration of the PFA order but for Appellant's reneging on the agreement reached with H.B. at the preliminary hearing on Appellant's criminal charges. Based on the facts presented to the trial court, we find its decision to grant H.B.'s request to be reasonable. As in **Kuhlmeier**, and cognizant of the fact that "[t]he purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse[,]" we decline to penalize H.B under these circumstances. **Custer v. Cochran**, 933 A.2d 1050, 1054 (Pa. Super. 2007). In light of the foregoing, "we conclude that the fact that the hearing was held after the PFA order expired [did] not divest the trial court of the power to hear the evidence and [] enter an order extending that order." **Kuhlmeier**, 817 A.2d at 1130.

Appellant next contends the trial court erred in extending the PFA order. Specifically, Appellant contends that the extension was improper because he

had no direct contact with H.B. Appellant's Brief at 18. Appellant also claims that H.B. did not prove any indirect contact by a preponderance of the evidence. *Id.* at 19-21.

> [23 Pa.C.S. § ] 6117(a) clarifies that "modification [of a PFA order] may be ordered after the filing of a petition for modification, service of the petition and a hearing on the petition." Furthermore, [23 Pa.C.S.. §] 6108(e)(1)(i) mandates "a duly filed petition, notice to the defendant and a hearing" before an extension of the protection order may be granted.

*Stamus*, 938 A.2d at 1100–01 (some citations omitted).

An extension of a PFA order may be granted when the court finds "the defendant committed one or more acts of abuse subsequent to the entry of the final order or that the defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child." 23 Pa.C.S. § 6108(e)(1)(i).

> When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference[s], determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it. Furthermore, the preponderance of the evidence is defined as the greater weight of the evidence, *i.e.,* to tip a scale slightly is the criteria or requirement for preponderance of the evidence.

*Ferko-Fox v. Fox*, 68 A.3d 917, 926–27 (Pa. Super. 2013).

In this case, H.B. testified that her employer and a client received an anonymous letter, which contained a sexually explicit photograph of H.B. engaging in a sexual act with Appellant. N.T., 1/24/2018, at 9-10. The letter

stated: "We noticed her taking pictures of herself. We found these on an adult website. We thought you should be aware of what she's doing on your time." *Id.* at 13. According to H.B., this photograph was a still from a video that H.B. had made with Appellant during their relationship. *Id.* at 10, 18-19. H.B. testified, and the trial court found credible, that Appellant was the only person who had access to and possession of the video. While remaining confident it was Appellant who sent the letter and photograph, H.B. conceded that it was possible that Appellant could have given the video to a third-party. *Id.* at 18. H.B. denied ever putting her picture on an adult website. *Id.* at 13.

To the contrary, the trial court found Appellant's testimony that he did not send the photograph to H.B.'s employer and client incredible. N.T., 1/24/2018, at 36 ("Frankly, I don't find the testimony of [Appellant] to at all impress me in terms of whether or not its [*sic*] credible or not."); Trial Court Opinion, 4/11/2018, at 6 (Appellant "testified that he had no contact with [H.B.] during the original PFA order and denied sending lewd photographs of [H.B.] to anyone. The [trial c]ourt did not find [Appellant's] testimony credible."). Appellant was not asked, nor did he testify as to whether he had given the video to a third-party.

Based upon the aforementioned testimony, the trial court found Appellant engaged in harassing behavior, which the court found to be prohibited by the PFA order.

> 23 Pa.C.S.[] § 6108 does set forth in subsection (e), that an order may be extended where the defendant committed one or more

acts of abuse subsequent to entry of the final order. The existing final [PFA] order prevented [Appellant] from, *inter alia*, "harassing" [H.B. The trial court] fully believed the testimony of [H.B.] that lewd photographs had been sent to her [client and employer,] and that the actions engaged in [] doing so constituted a course of conduct which served on legitimate [purpose] and was a communication about another person involving lewd, lascivious, or obscene words. [18 Pa.C.S. § 2709(e)(4)]. The purpose of those actions by [Appellant were] clearly harassing in nature, occurred during the existence of the final PFA order, and constitute[d] grounds for extending the order.

Trial Court Opinion, 4/11/2018, at 7. ***See also*** N.T., 1/24/2018, at 36 ("The evidence as to whether or not those photographs were sent and they were harassing in nature is [based] on circumstantial evidence, but I find that to be supported. The [trial court finds H.B.] is entitled to an extension of the existing [PFA order].").

We discern no abuse of discretion in the trial court's conclusion. In this case, the trial court heard testimony from both parties and found H.B.'s testimony credible. "[T]his Court defers to the credibility determinations of the trial court as to witnesses who appeared before it." ***Hood-O'Hara v. Wills***, 873 A.2d 757, 760 (Pa. Super. 2005) (internal quotation marks omitted). No relief is due.

Lastly, Appellant contends the trial court did not provide Appellant with a "fair hearing" because the trial court did not allow "Appellant the opportunity to review the alleged pictures, which [] Appellant denied sending, that were sent to [H.B.'s] employer and place of business." Appellant's Brief at 24.

- 12 -

Appellant avers his due process rights were violated because he "was denied the opportunity to review the photo and prepare a defense." *Id.* at 29.

We find this issue waived because Appellant did not contemporaneously object to H.B.'s testimony concerning the photograph on the basis that Appellant was denied the opportunity to view it. "We have long held that [f]ailure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal." *Commonwealth v. Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013) (citations and quotation marks omitted). *See also Commonwealth v. Tucker*, 143 A.3d 955, 961 (Pa. Super. 2016) ("[T]he failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In this case, Appellant's counsel did not object to H.B. or the police officer's testimony about the photograph sent to H.B.'s client and employer. Nor did Appellant complain that the failure to enter the photograph into evidence or give Appellant the opportunity to review it hindered his ability defend himself. Accordingly, we find Appellant's final claim waived.

Having concluded that Appellant has presented no issue entitling him to relief on appeal, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2018