J-S58014-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| I.L.V. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILMER ROMERO-RAMIREZ | : | |
| | : | |
| Appellant | : | No. 474 WDA 2018 |

Appeal from the Order March 1, 2018
In the Court of Common Pleas of Erie County Civil Division at No(s):  No.
17021-2015

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    FILED NOVEMBER 14, 2018

Appellant, Wilmer Romero-Ramirez, appeals from the order entered on March 1, 2018, granting I.L.V.[1] a three-year extension of a prior order entered against Appellant under the Protection from Abuse (PFA) Act.[2]  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On February 9, 2015, I.L.V. filed a PFA petition against Appellant. The trial court granted a temporary PFA order on the same day.  Following a hearing, on February 17, 2015, the trial court entered a final, no-contact PFA order against Appellant for a three-year period.  Relevant to this appeal, the

_____

[1]  We use the victim's initials to protect her identity.  As such, we have also changed the caption accordingly.

[2]  23 Pa.C.S.A. §§ 6101-6122.

PFA order stated that it would expire on February 17, 2018. On February 15, 2018, I.L.V. filed a petition for an extension of the final PFA order. On March 1, 2018, the trial court held a hearing on the extension petition and entered an order, that same day, granting I.L.V. a three-year extension of her February 17, 2015 PFA order. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

[1.] Whether the trial [court] abused [its] discretion when [it] allowed the extension of an already expired PFA, where [Appellant] was not accused of contempt before the PFA expired[?]

[2.] Whether the trial [court] abused [its] discretion by leading the witness during her testimony[?]

[3.] Whether the evidence is sufficient to support the finding that based upon a preponderance of the evidence[, Appellant] has continued to abuse the victim[?]

Appellant's Brief at 5.[4]

Our standard of review is well-established:

_____

[3]  Initially, we note that Appellant filed his notice of appeal 32 days after the entry of the order at issue. However, we deem it timely. See Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken); see also 1 Pa.C.S.A. § 1908 (computation of time) (whenever the last day of a filing period falls on a weekend, those days are omitted from computation). Here, the last day for Appellant to file a notice of appeal was March 31, 2018. Because March 31, 2018 fell on a Saturday, Appellant had until Monday, April 2, 2018 to file a notice of appeal. Appellant filed his notice of appeal on April 2, 2018. Thus, we deem the instant appeal timely. On April 4, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After the grant of an extension of time, Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 8, 2018.

[4]  We have reordered the questions presented for ease of discussion.

- 2 -

> In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion. This Court has emphasized that the purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse.

T.K. v. A.Z., 157 A.3d 974, 976 (Pa. Super. 2017) (internal citations, quotations, and brackets omitted).

With regard to the first issue we examine on appeal, Appellant contends that the trial court erred by extending the original, February 17, 2015 PFA order, after it expired. Appellant's Brief at 7. Citing 23 Pa.C.S.A. § 6108(e)(1)(ii), a provision of the PFA statute that addresses contempt proceedings, Appellant appears to argue that, in the absence of a contempt petition, the original PFA order could not be extended beyond its initial expiration date. Id. Thus, he maintains that, "the PFA [order] had expired and a new petition was required." Id.

The statute governing extensions of PFA orders provides, in pertinent part:

> An extension of a protection order may be granted:
>
> (i)     Where the court finds, after a duly filed petition, notice to the defendant and a hearing [] that the defendant committed one or more acts of abuse subsequent to the entry of the final order or that the defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child.
>
> (ii)    When a contempt petition or charge has been filed with the court or with a hearing officer in Philadelphia County, but the hearing has not

> occurred before the expiration of the protection order, the order shall be extended, at a minimum, until the disposition of the contempt petition and may be extended for another term beyond the disposition of the contempt petition.

23 Pa.C.S.A. § 6108.

Initially, we note that Appellant relies upon subsection (ii) above, to suggest that because there was no contempt petition or criminal charges filed against him, it was error for the trial court to extend the initial PFA. However, as explained in detail below, the trial court relied on subsection (i) above and determined that Appellant engaged in a pattern indicating a continued risk of harm to the victim. Trial Court Opinion, 6/8/2018, at 4. The plain language of Section 6108(e)(1)(i) allows for extensions upon such a finding after the filing of an extension petition, notice, and a hearing. Appellant does not challenge those perquisites and we conclude they clearly were met here.

To the extent that Appellant claims that the PFA order expired prior to the entry of the extension order, we note that the victim filed her petition for extension two days before the PFA order expired. The PFA order was set to expire on February 17, 2018. The victim filed her petition for an extension on February 15, 2018. Thus, she requested the extension prior to the expiration of the underlying PFA order. We have previously held that, in this precise procedural scenario, "the fact that the hearing was held after the PFA order expired does not divest the trial court of the power to hear the evidence and, if appropriate, enter an order extending that order." *Kuhlmeier v. Kuhlmeier*, 817 A.2d 1127, 1130 (Pa. Super. 2003). Accordingly, we discern

no abuse of discretion or error of law in granting an extension of the PFA order, after it had already expired.

Next, Appellant contends that the trial court abused its discretion by asking leading questions during the victim's testimony at the extension hearing. Appellant's Brief at 6-7. On this issue, the trial court denied asking leading questions and stated that "those questions were asked by Attorney Bryan Spry, who represented [the victim]." Trial Court Opinion, 6/8/2018, at 5. Upon review of the notes of testimony, we agree. See N.T., 3/1/2018, at 3 ("Direct Examination, by Mr. Spry"). Moreover, upon further review, Appellant did not contemporaneously object to the questioning of the victim at the extension hearing. As such, this claim is without merit, but we would otherwise hold Appellant waived it. See Commonwealth v. Hairston, 84 A.3d 657, 677 (Pa. 2014), citing Commonwealth v. Baumhammers, 960 A.2d 59, 73 (Pa. 2008) ("… it is axiomatic that issues are preserved when objections are made timely to the error or offense."); Commonwealth v. May, 887 A.2d 750, 761 (Pa. 2005) (holding that the "absence of contemporaneous objections renders" an appellant's claims waived).

Finally, Appellant contends that there was insufficient evidence to find his continued abuse of the victim. Appellant's Brief at 7-8. In sum, he argues:

> [I]f you take the [victim's] words as true then you would have a
> violation [of the PFA order] two years prior [to the request for
> extension], and no court filing [at that time]. The [victim said]
> she heard [Appellant's] car then looked out the window and saw
> a white BMW, she did not get the license plate [number] or [note]
> any distinctive marks on the car. She claims she knows it was

[Appellant's] car because of the exhaust. Then the [victim] said [Appellant] texted her boyfriend, who is not a member of her household, and she acknowledges she does not know the context of the texts. This evidence is not sufficient to sustain the conclusion that [Appellant] violated the PFA [order].

Id.

Our standard of review is as follows:

When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it. Furthermore, the preponderance of evidence standard is defined as the greater weight of the evidence, i.e., to tip a scale slightly is the criteria or requirement for preponderance of the evidence.

Thompson v. Thompson, 963 A.2d 474, 477 (Pa. Super. 2008) (internal citations, quotations, and brackets omitted). As previously mentioned, an extension petition may be granted where the trial court finds that Appellant "engaged in a pattern or practice that indicates continued risk of harm" to the victim "or minor child." 23 Pa.C.S.A. § 6108(e)(1)(i).

Here, the trial court found the victim's testimony credible[5] and determined "that [Appellant's] behavior (including contacting [the victim's] boyfriend, driving by her house, and his [angry] demeanor in [c]ourt) indicated a continued risk of harm to [the victim]." Trial Court Opinion, 6/8/2018, at 4. Moreover, the victim testified that, "[a]fter the PFA [order]

_____

[5] We will not usurp the trial court's credibility determinations.

was in place, Appellant confronted her and "was screaming at [her and] getting violent." N.T., 3/1/2018, at 5. The victim's son called the police who responded to the situation and asked Appellant to leave. Id. The victim also testified that, after the entry of the original PFA order, Appellant drove past her house "numerous times," in the middle of the night. Id. at 6-8. As a result, the victim's son "doesn't go outside." Id. at 7. Appellant started sending text messages and "bickering back and forth" with the victim's boyfriend, when the PFA order was set to expire. Id. at 8. Section 6108(e)(1)(i) of the PFA Act allows for the extension of a PFA order where the trial court finds that Appellant engaged in a pattern or practice that indicates continued risk of harm to the victim. Here, we agree with the trial court that, based upon the preponderance of the evidence, Appellant has continued a practice of harassing and contacting the victim so as to pose a risk of harm, despite Appellant's express prohibition to do so. As such, there was sufficient evidence to extend the PFA order at issue and Appellant's final issue fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/14/2018</u>