J-S37018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| G.H. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| E.T.B. | : | |
| | : | |
| Appellant | : | No. 2881 EDA 2019 |

Appeal from the Order Entered September 9, 2019
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  No. 1902V7008

BEFORE:  SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 15, 2020**

Appellant E.T.B. appeals from the order granting Appellee G.H.'s request for a final protection order pursuant to the Protection From Abuse (PFA) Act, 23 Pa.C.S. §§ 6101-6122.  Appellant challenges the trial court's jurisdiction and the sufficiency of the evidence supporting the final PFA order.  We affirm.

The trial court summarized the underlying procedural history of this matter as follows:

> [Appellee] filed a "Petition for Protection From Abuse" against her adult son, [Appellant], on February 4, 2019, and was granted an *ex parte* "Temporary Protection From Abuse Order" on that day.
>
> *    *    *
>
> The case was scheduled for a hearing on February 8, 2019.  On February 8, 2019, both [Appellee] and [Appellant] appeared in court.  [Appellant] was personally served with the "Notice of Hearing and Order," the "Petition for Protection From Abuse" and the "Temporary Protection from Abuse Order" by court staff in the court waiting room.  An "Affidavit of Service" was completed,

signed and dated by a member of the court staff, William McAfee, and was made a part of the record, by stapling the "Affidavit of Service" to the first page of the "Temporary Protection from Abuse Order."

After a brief discussion with the [trial] court, during which [Appellant] acknowledged that he had just been served with the appropriate court documents by the court staff, the case was briefly recessed, at the [trial] court's suggestion, to allow [Appellant] an opportunity to read the court documents while in the court waiting room. Thereafter, it was reported that [Appellant] was ill and had to leave the courthouse to go to the hospital. . . . The back of the court file reflects that the parties were given notice to return for the hearing date of March 22, 2019.

Subsequently, on March 22, 2019, only [Appellee] appeared. [Appellee] reported that [Appellant] was back in the hospital. At the request of [Appellee], the "Temporary Protection from Abuse Order" was amended and extended, to permit contact between the parties, and to allow [Appellant] to reside at [Appellee]'s residence . . . . Thereafter, the case was continued to provide [Appellant] with an opportunity to appear in court on a different date, presumably after his discharge from the hospital.

Unfortunately, the paperwork given to [Appellee] mistakenly stated that the case was continued to May 25, 2019[, which was a Saturday]. However, the "Order for Hearing" mailed to [Appellant] (at [Appellee's residence]) reflected that the next hearing would be held on May 24, 2019, a Friday. The same "Order for Hearing" was mailed to [Appellee] (at [her residence])) and reflected that the next hearing would be held on May 24, 2019.

On May 24, 2019, only [Appellee] appeared, despite the fact that she had left the previous court date with paperwork indicating that the next court date was May 25, 2019. [Appellant] did not appear on May 24, 2019, and the case was continued to July 30, 2019, to allow the court to send another "Order for Hearing," which would provide [Appellant] with an additional opportunity to appear in court on a subsequent date.

Accordingly, the [trial] court mailed [Appellant] another notice, an "Order for Hearing" with respect to the next scheduled hearing date of July 30, 2019, to [Appellee's residence].

On July 30, 2019, once again, only [Appellee] appeared. In preparation for the upcoming hearing date, [Appellee] served [Appellant] with notice of the July 30, 2019 hearing date and hence, a second "affidavit of service" was submitted to the [trial c]ourt on July 30, 2019, signed by [Appellee], stating that she "gave [Appellant] his papers May 24," at [her residence] with notice of the July 30, 2019 court date. This "affidavit of service" was made a part of the record by stapling the "affidavit of service" to the "order of the court," pertaining to the July 30, 2019 hearing date, along with the "bench warrant."

Because [Appellant] failed to appear in court on July 30, 2019, a bench warrant on [Appellant] was issued on July 30, 2019 (at approximately 12:15 PM), by the court, with the next hearing date scheduled for September 9, 2019.

On September 9, 2019, only [Appellee] was present. [Appellant] failed to appear that day. The [trial c]ourt inquired with the Deputy Sheriff assigned to the courtroom, regarding the status of the bench warrant. The information received from the Sheriff's office was that the bench warrant letter was sent to [Appellee's residence]. [Appellee] testified that both parties currently reside at that property. After a hearing, a "Final Protection From Abuse Order" was issued by the court. [Appellee] requested and was granted, an order for "protection only" which did not evict [Appellant], her son, because he has special needs.

The bench warrant previously issued by the court for [Appellant] was then "lifted" on the date of the trial, September 9, 2019.

Trial Ct. Op., 12/9/19, at 3-5 (some formatting altered).

Appellant subsequently retained counsel, who filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement on his behalf.[1] The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

---

[1] In his Rule 1925(b) statement, Appellant argued that due to improper service of process, the trial court (1) lacked subject matter jurisdiction and (2) erred in granting Appellee's PFA petition against Appellant "by default." **See** Appellant's Rule 1925(b) Statement, 11/1/19, at 1-2.

On appeal, Appellant raises the three issues on appeal, which we have rephrased as follows:

1. Whether subject matter jurisdiction over Appellant existed when proper service of the original petition for a PFA was not effectuated.

2. Whether the trial court had jurisdiction over Appellant when proper service of the continued petition for the PFA trial date of July 30, 2019 to September 9, 2019 was not properly effectuated and as such the matter should be remanded back to the trial court for proper service and then a full hearing on the merits of the matter.

3. Whether the trial court erred in granting by default, due to Appellant's non-appearance, Appellee's PFA petition where notice of the continued trial date was to have been served upon Appellant by Appellee, and as such, proper service of the trial date of September 9, 2019 was not properly effectuated. Thus, denying Appellant the right to be heard in the appropriate setting.[2]

Appellant's Brief at 4-5.[3]

In his first two claims, Appellant argues that the trial court lacked jurisdiction due to improper service of original process. Specifically, Appellant asserts that he "was provided with [the hearing notice and temporary PFA order] by a court clerk on the date of the hearing." *Id.* at 15. Appellant

_____

[2] We note that although Appellant raised a claim regarding improper notice of the September 9, 2019 hearing in his statement of questions, he did not include it in his argument section or otherwise discuss it in his brief. Therefore, he has abandoned that issue on appeal. *See Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa. Super. 1992) (stating that "[w]e must deem an issue abandoned where it has been identified on appeal but not properly developed in the appellant's brief" (citation omitted)).

[3] Although not included in the statement of questions, Appellant also raises a sufficiency-of-the-evidence claim, which we discuss below. Appellee did not file a brief in this matter.

contends that this was defective service of original process and "as such[,] the [trial] court did not have jurisdiction over him in this litigation." *Id.* Appellant argues that original service of process cannot be effectuated by a court clerk. *Id.* at 13. Although Appellant acknowledges that he personally appeared for the first PFA hearing and was therefore "deemed to have been served" under Pa.R.C.P. 1930.4(i), he contends that the rule "presumes that original process was actually effectuated, whether or not by alternative means." *Id.* at 17. Finally, Appellant acknowledges that he was properly served with the paperwork for subsequent hearings consistent with Pa.R.C.P. 440. *Id.* at 18-19. However, he asserts that because the original service of process was improper, the subsequent orders directing Appellant to appear for other listings of the PFA matter were also defective. *Id.* at 19-20. Therefore, Appellant concludes that the proper remedy is to remand the matter for a hearing on the merits of Appellee's petition. *Id.* at 18.

In PFA matters, this Court reviews a trial court's legal conclusions for an error of law or an abuse of discretion. *Custer v. Cochran*, 933 A.2d 1050, 1053-54 (Pa. Super. 2007) (*en banc*). A trial court does not abuse its discretion for a mere error of judgment; rather, an abuse of discretion is found "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Mescanti v. Mescanti*, 956 A.2d 1017, 1019 (Pa. Super. 2008) (citation omitted).

Our Supreme Court has explained that jurisdiction is an "often-misunderstood concept" and "[s]ome litigants, while believing they are raising a claim of subject matter jurisdiction, are actually posing a challenge to the tribunal's authority, or power, to act." **Commonwealth v. Mockaitis**, 834 A.2d 488, 495 (Pa. 2003) (citation omitted). Subject matter jurisdiction "relates solely to the competency of the particular court . . . to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result." **Id.** (citation omitted). Notably, "[a] court's lack of subject matter jurisdiction is a non-waivable issue which may be raised by the parties at any stage of the proceedings and can be raised by the appellate courts *sua sponte*." **Weir v. Weir**, 631 A.2d 650, 653 (Pa. Super. 1993) (citation omitted).

In contrast, "[p]ersonal jurisdiction is a court's power to bring a person into its adjudicative process." **Grimm v. Grimm**, 149 A.3d 77, 83 (Pa. Super. 2016) (citation and internal punctuation omitted). Moreover, unlike subject matter jurisdiction, a challenge to personal jurisdiction can be waived. **Id.**

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her." **Fonzone v. Tribune Corp.**, 52 A.3d 375, 376 (Pa. Super. 2012) (citation omitted).

"Original process in a PFA action is the initial petition[.]" ***Kuhlmeier***

***v. Kuhlmeier***, 817 A.2d 1127, 1130 (Pa. Super. 2003).  Service of original

process is governed by Rule 1930.4 of the Pennsylvania Rules of Civil

Procedure, which provides as follows:

> **Service of Original Process in Domestic Relations Matters**
>
> **(a) Persons Who May Serve.**  Original process in all domestic
> relations matters, including Protection of Victims of Sexual
> Violence or Intimidation matters, may be served by the sheriff or
> a competent adult:
>
> (1) by handing a copy to the defendant;
>
> (2) by handing a copy:
>
>> (i) at the residence of the defendant to an adult member of
>> the family with whom the defendant resides; but if no adult
>> member of the family is found, then to an adult person in
>> charge of such residence;
>>
>> (ii) at the residence of the defendant to the clerk or manager
>> of the hotel, inn, apartment house, boarding house or other
>> place of lodging at which the defendant resides;
>>
>> (iii) at any office or usual place of business of the defendant
>> to the defendant's agent or to the person for the time being
>> in charge; or
>
> (3) pursuant to special order of court.
>
> *        *        *
>
> **(i) Appearance at Hearing or Conference.**  A party appearing
> for the hearing or conference will be deemed to have been served.

Pa.R.C.P. 1930.4(a),(i).

For "legal papers other than original process," such as notices for

subsequent hearings, Rule 440 provides that "[i]f there is no attorney of

- 7 -

record, service shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading[.]" Pa.R.C.P. 440(2)(i).

Here, we reiterate that Appellant challenges the trial court's jurisdiction based on improper service of original process. Although Appellant referred to subject matter jurisdiction in his Rule 1925(b) statement and in his brief,[4] his claim implicates the trial court's personal jurisdiction. *See Grimm*, 149 A.3d at 83. In any event, because Appellant raised his claim of improper service with the trial court, we will consider it on appeal.

Here, the trial court concluded that Appellant was properly served when he appeared for the first PFA hearing. Specifically, the trial court explained:

> [Appellant] in this matter, personally appeared in Philadelphia Family Court on February 8, 2019, which was the first scheduled date for this case. [Appellant] was served the appropriate legal documents, the "Notice of Hearing and Order," the "Petition for Protection From Abuse," and the "Temporary Protection From Abuse Order," lawsuit on February 8, 2019, in the Philadelphia Family Court, the Court of Common Pleas. Prior to having the parties in the case brought into the courtroom, service was effectuated by a worker in Family Court, William McAfee, a court clerk, who handed the legal documents to [Appellant] in the Family Court waiting room, on February 8, 2019. An "Affidavit of Service" was filled out, signed and dated by Mr. McAfee and was filed in the court record.

_____

[4] To the extent Appellant challenges the trial court's subject matter jurisdiction, his claim is meritless. It is clear that the trial court, sitting in the Family Division of the Court of Common Pleas of Philadelphia County, had subject matter jurisdiction to grant Appellee's PFA petition against Appellant. *See* 23 Pa.C.S. § 6103. Therefore, Appellant is not entitled to relief on this issue.

Moreover, [Appellant] was physically present in the courtroom on February 8, 2019. He advised the [trial] court that the reason he knew to come to court on that date was that his mother, ([Appellee,]) had told him to come to court. Furthermore, [Appellant] acknowledged on the record that he had been served with a copy of the "papers" regarding the lawsuit in court, on that date.

Trial Ct. Op. at 10-11.

With respect to the subsequent court notices, the trial court stated:

[Appellant] failed to appear for all but the first hearing date in this matter (February 8, 2019), when he was served with copies of the "Notice of Hearing and Order," the "Petition For Protection From Abuse" and the "Temporary Protection From Abuse Order." Thereafter, the court issued mail notices to [Appellant], to the address where both he and [Appellee] resided together, for the hearing dates of March 22, 2019 and May 24, 2019, respectively. Despite having been present at the initial hearing and served with notice of subsequent hearings, [Appellant] did not contact the court in any manner. Because [Appellee] reported on March 22, 2019, that [Appellant] was back in the hospital, a subsequent date was made available for [Appellant's] appearance. Finally, [Appellee] personally served [Appellant] with an "Order of Hearing" on May 24, 2019, for the hearing date of July 30, 2019, and accordingly, submitted an "Affidavit of Service," as proof of service.

It is well settled that avoidance of service will not invalidate effective service of process. Service cannot be negated by refusing to accept papers.

Having found that [Appellant] was properly served, the court conducted a hearing in his absence, as authorized by Philadelphia County Court Rule 1901.12. At the conclusion of the hearing, having determined that [Appellee] was credible and that she established a case of "Abuse" within the meaning of the law, the [c]ourt entered a "Final Protection From Abuse Order."

*Id.* at 12-13.

Based on our review of the record, we find no abuse of discretion or error of law in the trial court's conclusions. *See Custer*, 933 A.2d at 1053-

54. As noted by the trial court, the court clerk served Appellant with the initial PFA petition and temporary order, which constitute original process, in the waiting room prior to the start of the hearing on February 8, 2019. *See* Pa.R.C.P. 1930.4(a)(1). Further, Appellant personally appeared for the hearing. Therefore, he was "deemed to have been served" with original process. *See* Pa.R.C.P. 1930.4(i) (stating that "[a] party appearing for the hearing or conference will be deemed to have been served"). Finally, as noted by the trial court, all subsequent court notices were properly served on Appellant by mail or hand delivery, as he had no attorney of record. *See* Pa.R.C.P. 440(a)(2)(i). Accordingly, Appellant is not entitled to relief on this basis.

Finally, although not listed in Appellant's statement of questions, Appellant raises an additional claim that the trial court abused its discretion by granting the PFA petition because Appellee failed to establish that she was in fear of imminent serious bodily injury. Appellant's Brief at 20. However, because Appellant did not raise this issue in his Rule 1925(b) statement, it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in a Rule 1925(b) statement are waived); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Therefore, we decline to address it on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/15/2020</u>